ENGLISH *v.* STATE.

In Banc. April 11, 1949.

(39 So. (2d) 876)

**Robertson Horton,** for appellant.

**George H. Ethridge,** Assistant Attorney General, for appellee.

**McGehee, C. J.**

The appellant, Alexander English, was convicted of the crime of rape upon an alleged free and voluntary confession of his guilt and other corroborating circumstances. The alleged victim, who was under twelve years of age, did not testify.

When the sheriff was offered as a witness to the confession and was being questioned as to whether the same had been given freely and voluntarily, the attorney for the defendant stated: ''We object at this time and ask that the jury be retired and to examine this witness and put on proof with reference to this confession in the absence of the jury.'' Thereupon the Court overruled the objection, stating the reason to be because the sheriff has testified that there was no force or threats or violence, or that there was no promise or hope of reward offered the defendant, and that makes the purported statement competent for the consideration of the jury. The Court then further stated as follows: ''If the defendant sees fit to assail the voluntary character of the confession for the consideration of the jury, then at the proper time he may do so.'' Defense counsel then stated his position in substance to be that it was his undertanding that the question of whether a confession is free and voluntary is one to be decided by the trial judge prior to relating the purported confession in the presence of the jury, and he excepted to the ruling of the Court in declining to let the jury retire and in ordering the examination of the sheriff to proceed before the jury as to details of the alleged confession.

Thus it will be seen that the ruling of the court had the effect of precluding the defendant from offering testimony before the trial judge in the absence of the jury in support of his contention that the confession was made under fear and was not therefore free and voluntary. The jury was not entitled to hear the confession until the trial judge had first held that the same had been freely and voluntarily made, and was therefore competent. Moreover, the question of its competency could not constitutionally be determined without an opportunity being afforded the defendant to offer proof as to its incompetency.

In the case of Warren v. State, 174 Miss. 63, 164 So. 234, 235, it was held that the refusal to permit a defend-

ant to testify that a confession was not free and voluntary at the close of the State's evidence, upon a preliminary inquiry as to the admissibility of the confession made to the sheriff, was error; and was a denial of the right of the accused, guaranteed to him by Section 26 of the Constitution of 1890. The Court therein stated: "The constitutional right to be heard means the right to be heard at the proper time, and is not satisfied by so postponing the right as to make it in whole or in part ineffective, or to a time when to avail of it entails the acceptance of conditions which may not lawfully be imposed upon the accused."

When an accused is not permitted to offer testimony upon a preliminary inquiry as to whether a confession is free and voluntary, the result is that he has no opportunity to question such fact without taking the stand as a witness before the jury in regard thereto, although he may otherwise choose not to testify in the case.

Again, in the case of Conway v. State, 177 Miss. 461, 171 So. 16, 17, the Court held in regard to passing upon the competency of evidence out of the presence of the jury, when its admission is objected to, said: "The procedure is, first, the court passes on the question, and if the evidence of qualification is sufficient it is submitted to the jury, then the evidence given before the court is repeated before the jury. 30 C.J. pp. 267, 268, §§ 506 and 507. This question has not been directly passed upon by our court, but the principle is necessarily recognized in Jones v. State, 70 Miss. 401, 12 So. 444; Jackson v. State, 94 Miss. 83, 47 So. 502; Nelms v. State, 13 Smedes & M. 500, 53 Am.Dec. 94; Brown v. State, 32 Miss. 433, and Chase v. State, 147 Miss. 694, 112 So. 785. We are of the opinion, however, that under the particular facts of this case that error was harmless."

Thus, it may occur that the Court would not reverse in some cases for failure of the trial judge to hold a preliminary inquiry as to whether or not a confession is free and voluntary, depending upon the facts of the particular

case. For instance, the accused as a witness in his own behalf may admit making the confession as testified to by the officers, and then fail to detail any facts in connection with the making thereof that would be sufficient to show it not to be free and voluntary.

However, in the instant case the accused, in presenting his defense to the jury, made the contention that the alleged confession was given under fear and duress, and that the same was untrue. He was entitled to first make this contention before the trial judge out of the presence of the jury. His counsel had the right to question the officers freely and fully on a preliminary hearing, without incurring the risk of prejudicing the defense in the hearing of the jurors by the nature and character of the interrogation, and to thus procure, if he could do so, concessions from them as to what was said and done to obtain the confession that might not be elicited in the presence of the jury.

In this decision, we are merely undertaking to preserve and maintain inviolate an important and wholesome principle for safeguarding the right of an accused to be heard as to whether or not he has made a free and voluntary confession of guilt and at a time when he may do so without prejudicing the jury against him by what questions he may cause to be asked the officer or other person to whom a confession is alleged to have been made, or by what he may choose to say to the trial judge, separate and apart from the jury, about how the same was obtained. And we do not mean to intimate that the alleged confession in the case at bar was not a free and voluntary one.

The confession in the instant case, as taken on a recording machine, disclosed the commission of such a crime on a number of other occasions, and upon motion of the defendant the State was required to elect the particular offense on which it would rely for a conviction, but the court overruled the motion of the defendant to exclude from the consideration of the jury that part of the confession relating to the other separate crimes, and also

the testimony of two of the State's corroborating witnesses as to the commission of a like crime on an occasion which was several weeks prior to the date on which the prosecution relied.

The trial court was of the opinion that this evidence was competent as showing a course of behavior and conduct of the defendant on other and prior occasions, and as tending therefore to show his guilt on the particular occasion complained of, relying on the case of Kuykendall v. State, 200 Miss. 192, 26 So. (2d) 471. But we are of the opinion that while this testimony may be relevant, it was not competent as a part of the res gestae, and it is contrary to the spirit and purpose of Section 26 of our State Constitution to require a defendant to be prepared to answer for several separate and distinct capital felonies upon a trial under a single indictment, where there has been no previous conviction.

We are therefore of the opinion that on a new trial of the case, the proof should be confined to the particular crime relied on by the State for a conviction, and this is particularly true in regard to a crime which is so easy to charge and so difficult to defend.

From the foregoing views it follows that the case must be reversed and remanded for a new trial.

Reversed and remanded.