339 So.2d 989 (1976)
Karl Anthony WANSLEY
v.
STATE of Mississippi.
No. 49118.
Supreme Court of Mississippi.
November 30, 1976.
John R. Poole, Percy Stanfield, Jr., Jackson, for appellant.
A.F. Summer, Atty. Gen. by John C. Underwood, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before INZER, SMITH and BROOM, JJ.
SMITH, Justice, for the Court:
Karl Anthony Wansley, a sixteen year old minor, was convicted of the capital murder of Emma Seals under the provisions of Mississippi Code Annotated section 97-3-19(2)(e) (Supp. 1976) and sentenced to death.
The validity of the statute under which Wansley was convicted is challenged upon the ground that it unconstitutionally permits the imposition of the death penalty. That contention was rejected by this Court in the case of Jackson v. State, 337 So.2d 1242 (Miss. 1976). The views expressed in Jackson, however, require that this case be reversed and remanded for further proceedings consistent with the opinion in Jackson.
Of the other alleged errors assigned on the present appeal it is necessary to notice only the following:
*990 (1) The contention that Mississippi Code Annotated section 43-21-39 (1972) unconstitutionally gave the circuit court "uncontrolled discretion" to "remand" the case to the Youth Court in order that the defendant might be dealt with as a delinquent minor, is without merit. Section 43-21-31 provides for the transfer of felony cases to other courts but concludes: "except that the circuit court shall have exclusive jurisdiction of such child if he be charged with any crime which, upon conviction, is punishable by life imprisonment or death." Section 97-3-19(2)(e) (Supp. 1976), supra, under which appellant was convicted, provides for the imposition of the sentence of death or of life imprisonment. The circuit court is without power to transfer the case of a minor so convicted or charged to the youth court to be dealt with as a case of delinquency.
(2) The evidence reflects that Wansley, with several companions, made an unsuccessful attempt to break into Seals Grocery in the early morning hours of the day of the armed robbery and murder of Emma Seals. The evidence of this earlier attempt was properly admitted. The facts in evidence, as shown by the record, were that Emma Seals and her husband lived in the tiny building which housed their small grocery and that the purpose of Wansley and his fellows in their earlier attempt to break into the building was to steal. The armed robbery of Seals Grocery, and the murder of Emma Seals in the course of that robbery, later on in the morning of the same day, reflected that Wansley and his companions had not abandoned their criminal purpose but persisted in their intention to rob the Seals after their earlier attempt had been frustrated.
In Engbrecht v. State, 268 So.2d 507 (Miss. 1971), this Court, quoting from Brooks v. State, Miss., 242 So.2d 865, 869 (1971) stated:
The general rule is that in a criminal prosecution evidence which shows or tends to show that accused is guilty of the commission of other offenses at other times is not admissible, unless the other offenses are reasonably connected with that for which he is on trial. There is a substantial number of these exceptions.
Evidence of other crimes is admissible to prove identity of the defendant, scienter or guilty or criminal knowledge, criminal intent or purpose, motive, a plan or system of criminal action where a continuing offense is charged, or where other crimes form a part of the res gestae. Lee v. State, 244 Miss. 813, 146 So.2d 736 (1962); 29 Am.Jur.2d Evidence §§ 320, 321 (1967). The "acid test is its logical relevancy to the particular excepted purpose or purposes" for which the evidence of prior offenses is sought to be introduced.
(3) The jury instruction requested by the appellant dealing with the weight to be given to Wansley's confession was properly refused for the reason that it was unsupported by the evidence. The trial court properly admitted Wansley's confession which was shown to have been made voluntarily after he had been properly advised of his rights.
Other matters assigned as error are without merit or are of such a nature as are not likely to recur upon the retrial of the case.
The evidence was sufficient to show that, in shooting down Emma Seals, an elderly and defenseless woman, Wansley committed a brutal and senseless murder. The case will be reversed and remanded for a new trial and further proceedings consistent with the opinion in Jackson v. State, supra.
REVERSED AND REMANDED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.