367 So.2d 445 (1979)
Charles Earl DAVIS
v.
STATE of Mississippi.
No. 50978.
Supreme Court of Mississippi.
February 7, 1979.
Oscar P. LaBarre, Vicksburg, for appellant.
A.F. Summer, Atty. Gen. by Calvin Coolidge Williams, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
*446 Before SMITH, SUGG and COFER, JJ.
SMITH, Presiding Justice, for the Court:
In this case, Charles Earl Davis was tried in the Circuit Court of Warren County upon an indictment charging him with having committed the "crime against nature" in that he had engaged in unnatural sexual intercourse with a female child. Mississippi Code Annotated section 97-29-59 (1972). He was convicted and sentenced to eight years imprisonment. At the time of the trial, the victim was a female child, eleven years of age, in the fifth grade at school. Appellant's conviction rests largely upon the testimony of this child.
It is first assigned as error that the trial court erred in allowing the child to testify, "When she demonstrated on examination by the court that she did not understand or appreciate the sanctity of the oath or the obligation to tell the truth."
We have carefully examined the record as it relates to the assignment and have concluded that the trial judge was justified, following examination of the youthful witness, in finding that (1) she was competent to testify and (2) understood her obligation to tell the truth. There was no abuse of discretion in permitting her to testify. Moreover, a review of her testimony, in response to both direct and cross-examination, gives no support to the contention that she was mentally or otherwise incapable of testifying rationally and understandingly. On the contrary, her testimony was clear and the jury was within its prerogative in accepting it as true. There is no merit in this assignment of error.
The second assignment advances the proposition that Mississippi Code Annotated section 97-29-59 (1972) is unconstitutional in that (1) it discriminates against persons engaging in sexual practices of the kind alleged to have been employed by appellant and (2) the trial judge has an unconstitutionally wide discretion in the range of punishments he may impose. We find no merit in either of these propositions. State v. Mays, 329 So.2d 65 (Miss. 1976).
In the third assignment, appellant contends that it was error to permit the victim to testify that appellant had subjected her to the same thing on former occasions. Under the circumstances and in view of the nature of the offense, it was not error to admit this testimony. Brooks v. State, 242 So.2d 865 (Miss. 1970), Engbrecht v. State, 268 So.2d 507 (Miss. 1972), Wansley v. State, 339 So.2d 989 (Miss. 1976).
The final assignment, embodying the argument that appellant was entitled to a peremptory instruction directing the jury to find him not guilty, is also without merit. The evidence was ample to support the jury's verdict of guilty.
The judgment and sentence will, therefore, be affirmed.
AFFIRMED.
PATTERSON, C.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.