418 So.2d 65 (1982)
James L. OTIS
v.
STATE of Mississippi.
No. 53357.
Supreme Court of Mississippi.
August 11, 1982.
*66 Sanders, Sanders & Clark, Alix H. Sanders, Greenwood, for appellant.
Bill Allain, Atty. Gen. by Catherine Walker Underwood, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and BROOM and ROY NOBLE LEE, JJ.
ROY NOBLE LEE, Justice, for the Court:
James L. Otis was convicted in the Circuit Court of Grenada County, Honorable Clarence E. Morgan, Jr., presiding, on a charge of forcible rape and was sentenced to fifteen (15) years in the custody of the Mississippi Department of Corrections. He has assigned and argued five (5) errors in the trial below. We address three (3) of the assigned errors and reverse.

Background
On July 14, 1980, the Grenada County Grand Jury returned three (3) indictments against appellant charging him with separate forcible rapes of the prosecutrix. The first alleged offense occurred in October, 1979, the second in December, 1979, and the third in March, 1980. Appellant was tried on the first indictment, involving the October, 1979 offense, and was acquitted. He subsequently was tried on the third indictment, which is the subject of this case, was found guilty and sentenced to fifteen (15) years imprisonment.

Facts
The appellant is a black male. During the times the incidents are alleged to have occurred, he was a special education teacher in the Lizzie Horn School, Grenada County, Mississippi. He had a BS degree in Education, and a Master's Degree in Special Education. The prosecutrix is a white 15-year-old female and a student in the special education class. She had an IQ of 77 or 78, and the mentality of about an 11-year-old child.
The State's case is based upon the testimony of the prosecutrix. According to her, in March, 1980, she was in the classroom and the appellant told her to go outside the room and stand in the hall because of misbehavior in class. In a few moments, appellant exited the classroom, took the prosecutrix by the hand, and indicated he was taking her to the principal's office. Instead of going to that office, he took her to the teachers' restroom, and locked the door leading into it. Appellant then unzipped the prosecutrix's pants, pulled them down to a point above her knees, lowered his own pants above the knees and then proceeded forcibly to rape her. During the act, she was standing against the wall. The prosecutrix testified that she resisted with all her strength, but could not prevent appellant from raping her. She also stated that appellant held his hand over her mouth and she was unable to scream. She did not report the matter until five (5) weeks later when a female principal questioned her about it. The prosecutrix's excuse for not reporting the matter was that appellant had paddled her in the hand previously and she was afraid of him; and that she was afraid to tell her sister, with whom she lived.[1]
The appellant denied that he had intercourse with, or molested, the prosecutrix. He testified that after the incident was investigated by the school authorities, he was suspended with pay and that, since his suspension, he had become a minister of the gospel.

Law

I.
Should the appellant be discharged under the principles of former jeopardy and collateral estoppel?
The appellant contends that the facts and evidence in the case of October, 1979 (acquittal) and the case sub judice are the *67 same and that the doctrines of former jeopardy and collateral estoppel apply. He cites Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), as authority. Ashe is distinguished on the facts from this case. There, the defendant was charged with multiple counts of robbery at a gambling game. The issues, including the issue of defendant's identity, were the same. He was acquitted when tried on the first charge and was convicted on a second trial. The evidence of identity was stronger at the second trial. The United States Supreme Court held that the issues litigated were the same and that former jeopardy and collateral estoppel applied.
In the case sub judice, separate and distinct offenses were charged and the trials proceeded on those separate offenses. Although the parties are the same and some of the evidence was pertinent to both trials, the acts charged were at different times and the issues were not the same.
In Hughes v. State, 401 So.2d 1100 (Miss. 1981), the Court said:
It is true that much of the same evidence was presented at both of defendant's trials. Overlap of evidence in the two trials was permissible. The fact that one has been in jeopardy for one act is no bar to a prosecution for a separate and distinct act though the acts are so closely connected in point of time that it is impossible to separate the evidence relating to either on the first trial. The guarantee against double jeopardy contained in the Federal Constitution and in Article 3, Section 22 Mississippi Constitution (1890) does not extend to different prosecutions for different offenses but for repeated prosecutions for the same offense. [401 So.2d at 1105].
See also State v. Clements, 383 So.2d 818 (Miss. 1980).
Former jeopardy and collateral estoppel do not apply here.

II.
Was the verdict of the jury against the overwhelming weight of the evidence?
The testimony of the prosecutrix is positive and unequivocal. It covered all the essentials required to make out a case of forcible rape. Although she was not corroborated as to the actual rape itself, there were other facts surrounding the incident which had corroboration. It is conceded that a person may be found guilty of rape on the uncorroborated testimony of the prosecuting witness. Killingsworth v. State, 374 So.2d 221 (Miss. 1979); Dubose v. State, 320 So.2d 773 (Miss. 1975); Goode v. State, 245 Miss. 391, 146 So.2d 74 (1962); Blade v. State, 240 Miss. 183, 126 So.2d 278 (1961).
We are of the opinion that the verdict is not contrary to the overwhelming weight of the evidence.

III.
Did the lower court err in admitting testimony of other acts committed by the appellant?
The appellant assigns as error testimony relating to other crimes of rape against the prosecutrix allegedly committed by him and acts of fondling her. Although the assignment is not strenuously argued in the appellant's brief, it is responded to by the State.
The testimony of the prosecutrix, over objection, indicated that in December and October, 1979, prior to the offense for which appellant was tried in this proceeding, the appellant raped her. She also testified to acts of fondling committed upon her by the appellant:
BY THE COURT:
The objection is overruled. You may proceed, Mr. Gore.
BY MR. GORE:
Q... ., what did Mr. Otis do to you in the classroom?
A. Well, he would feel all over me  he'd feel all over me.
Q. Where would he feel?
A. Right there in the classroom.
Q. Where on your body?
A. In my shirt and pants.
Q. When he would feel on your pants where would he feel?

*68 A. On my breast.
Q. In your pants, where would he be feeling?
A. Where my private part is.
Q. All right. Between your legs?
A. Right.
Q. Where was his hand? Was it inside your pants or outside your pants?
A. Inside.
Q. And how often would this happen, ...?
A. Just about every day.
Q. When did this start happening?
A. Right when he came to teach.
Q. Do you remember when that was?
A. No, sir.
Q. When was the last time that happened before he raped you in the bathroom? Before spring holidays?
* * * * * *
BY MR. GORE:
Q. Can you tell us whether or not he felt on you after Christmas that year?
A. Yes, sir.
Q. Did he?
A. Yes, sir.
Q. All right. The other times that you said that Mr. Otis put his private part into your private part, did you notice anything unusual about your own body?
A. What do you mean by that?
Q. Well, let's say the first time you say it happened. Did you notice anything unusual about your own body after that?
A. Yes, sir.
Q. What?
A. I bled.
Q. Did you bleed the second time that it happened?
A. No, sir.
Q. Or the third time that it happened?
A. No, sir.
Other witnesses, pupils in the classroom with the prosecutrix, testified to acts of fondling they saw appellant commit upon the prosecutrix. Some of the testimony was not objected to.
The State argues that such evidence was admissible to show the lustful, lascivious disposition of the appellant to rape the prosecutrix. In Speagle v. State, 390 So.2d 990 (Miss. 1980), the defendant was tried for incest, and the Court stated that other acts of sexual relations between the defendant and the victim were admissible for that purpose.
Davis v. State, 367 So.2d 445 (Miss. 1979), a case involving the "crime against nature" with an eleven-year-old female child, held that it was not error for the victim to testify that the defendant had subjected her to the same acts on former occasions, in view of the nature of the offense and the circumstances.
In Brooks v. State, 242 So.2d 865 (Miss. 1970), the defendant was convicted of statutory rape. The Court held that, in cases involving females under the age of consent, evidence of other sexual acts were admissible. English v. State, 206 Miss. 170, 39 So.2d 876 (1949), was partially overruled, and the Court said:
In this holding, we think that the decision in English was in error. It did not consider or cite any of the numerous authorities from other jurisdictions analyzing the almost universal rule, that in prosecutions for rape upon one under the age of consent, acts of sexual intercourse or related acts between the same parties prior to the act charged in the indictment is admissible as tending to show the lustful disposition of the accused toward the girl. Accordingly, on this second point in English v. State, we overrule that decision, and hold that evidence of prior sexual acts with the same girl under the age of consent in prosecutions for statutory rape is admissible. Gillespie v. State, 215 Miss. 380, 61 So.2d 150 (1952), which cited English, is not inconsistent with this decision. There the prosecuting witness testified concerning a charge of attempted rape, made by her against defendant during the preceding summer. This was too remote. Lee v. State, 244 Miss. 813, 146 So.2d 736 (1962), involved a conviction for false pretenses. It cited English on the general rule, but recognized appropriate exceptions, and on its facts is not related *69 to the instant question. [242 So.2d at 870].
It is elementary that evidence of other crimes may not be introduced in a criminal prosecution, with certain recognized exceptions. In Doss v. State, 156 Miss. 522, 126 So. 197 (1930), quoting from Collier v. State, 106 Miss. 613, 64 So. 373 (1914), the Court said:
"It is not permissible in a prosecution for rape for the state to prove, independent and distinct crimes to the one on trial, unless they form part of a system, or a part of the res gestae, or to identify the accused,"  and in the third syllabus that: "Upon the trial of an indictment, a previous or subsequent crime committed by defendant can only be proved: (a) Where it is connected with the one charged in the indictment and sheds light upon the motive of defendant, or (b) Where it forms a part of a chain of facts so intimately connected, that the whole must be heard in order to interpret its several parts, or (c) In cases of conspiracy, uttering forged instruments or counterfeit coin, and receiving stolen goods, for the sole purpose of showing a criminal intention." [156 Miss. at 532, 126 So. at 200].
See also Shay v. State, 229 Miss. 186, 90 So.2d 209 (1956).
Here, evidence of two other rapes of the prosecutrix and fondling her (a retarded pupil by a special education teacher) was highly prejudicial and, in our opinion, prevented the appellant from receiving a fair trial and constitutes reversible error.
The judgment of the lower court is reversed, and the case is remanded for a new trial.
REVERSED AND REMANDED.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and BROOM, BOWLING, HAWKINS and PRATHER, JJ., concur.
DAN M. LEE, J., took no part.
NOTES
[1] Prosecutrix's sister had told her if she ever engaged in sexual relations, she would be sent away.