419 So.2d 200 (1982)
James Earl WHITLOCK
v.
STATE of Mississippi.
No. 53438.
Supreme Court of Mississippi.
September 8, 1982.
*201 Bell & Collins, James D. Bell, Jackson, for appellant.
Bill Allain, Atty. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, ROY NOBLE LEE and PRATHER, JJ.
PRATHER, Justice, for the Court:
James Earl Whitlock was convicted for the armed robbery of Precious Robinson in the First Judicial District of the Circuit Court of Hinds County, and was sentenced to life imprisonment. He has appealed, assigning as errors, the following:
(1) That the trial court committed error in admitting evidence tending to show the commission of another crime and thereby prejudicing the defendant; and
(2) That the trial court committed error in allowing over objection the use of leading questions by the prosecutor; and
(3) That the trial court committed error in refusing to grant a reasonable hypothesis instruction requested by the defendant.
Precious Robinson was at home with her infant child on the night of December 29, 1978, when an individual broke into her home with a stocking mask over his head and a pistol in his hand. The intruder told her on several occasions to give him money and he threatened her with the pistol by pointing it toward her head. Under these circumstances, Robinson could not remember where her purse was, but, she gave her car keys to the intruder and suggested that he look for her purse in the car. The intruder fired the gun in her bedroom and told her that he would kill her. The intruder tied her hands before going to the car to search for the purse. While the intruder was out of the home Precious Robinson managed to untie herself and she hurried to the closet to get a rifle. The assailant returned to the room and wrestled the rifle away from her. At this time, she recalled having placed her purse in a tote-bag and she gave it to the robber. Before leaving her, however, the robber again tied her hands and feet together, and he left the bedroom with the purse. But, he came back with a knife from the kitchen and cut the cord on her feet and raped her. As soon as the robber left she freed herself from the bindings, and called both the police and her husband. Her husband took her to the hospital for examination subsequent to his arrival at home.
Approximately one month after this occurred Precious Robinson was requested to view a lineup of persons at the police station and positively identified the defendant, James Earl Whitlock, as the robber that broke into her home. Her positive identification was based on his voice, height and build. As a result, James Earl Whitlock was subsequently charged with armed robbery and was brought to trial.
At the beginning of the trial for armed robbery the trial judge mistakenly informed *202 the jury that the charge against the defendant was that of rape. Upon realizing his error, the trial judge asked each of the jurors individually if they could disregard his statement and give the defendant a fair trial on the correct charge of armed robbery. Each of said jurors responded affirmatively. There was no motion for a mistrial.
At two other points during the trial, without direct solicitation, two witnesses made statements about either the fact of rape or the charge of rape. The first witness was the victim herself who testified that the defendant raped her during the course of the armed robbery. This statement, at the time it was made, was not objected to by the defendant. Within a very few minutes after this testimony was given by the victim and at a time when the jury was outside the presence of the court, the defense counsel became aware of the testimony that he had apparently failed to hear. The counsel then asked for an objection, which was granted. Upon bringing the jury in, the court admonished the jury to disregard the testimony of rape, and to not consider it at all in weighing the evidence to determine their verdict. Moreover, the jury was polled individually at that time and each responded that they could disregard the rape testimony.
The second witness, a police officer who was identifying the rifle taken from the Robinson house, stated that the rifle was taken in a rape and burglary case. Upon this statement the court of its own volition and without request of defense counsel, instructed the jury to disregard the statement and again asked them if on their oath they could set aside that testimony and not let their judgment be influenced by the remark. They each individually again responded that they could do so. On this occasion there was no objection by the defendant to this testimony nor was there a motion for a mistrial.

I.
Two aspects are involved in the defendant's contention that he was prejudiced by the rape testimony. The first aspect that this Court addresses is the remedial effect of the lower court's instructing the jury to disregard the references to rape brought out during the armed robbery trial. This Court has addressed this issue on several occasions and in the recent case of Carrol v. State, 391 So.2d 1000 (Miss. 1980) we stated:
It is the well-established rule in Mississippi that where a trial judge sustains an objection to testimony interposed by the defense in a criminal case and instructs the jury to disregard it, the remedial acts of the court are usually deemed sufficient to remove any prejudicial effect from the minds of the jurors. Forrest v. State, 352 So.2d 1328 (Miss. 1977); Herron v. State, 287 So.2d 759 (Miss. 1974); Myrick v. State, 290 So.2d 259 (Miss. 1974).
[391 So.2d at 1002].
In the case under consideration the Court additionally notes that the defense counsel did not move for a mistrial following these remarks on any occasion. This procedure was also addressed in the Carrol case, supra:
Moreover, in this case, when the trial judge sustained defense counsel's objection and advised the jury not to consider the testimony, defense counsel did nothing further. Under the circumstances, the trial judge was justified in assuming that defense counsel was satisfied with his disposition of the matter, the objection having been sustained and the jury having been advised not to consider the objectionable testimony.
[391 So.2d at 1002-03].
If defense counsel considered the admonitions by the trial judge inadequate, or if he considered the references to rape to be so prejudicial or inflammatory against the defendant that the admonitions of the trial judge were ineffective in removing this harmful effect, it was necessary at that point that defense counsel move for a mistrial. The facts and circumstances reflected by the record in this case are not such as to require the trial judge, of his own volition, to enter a mistrial. No reversible error was committed by the trial *203 judge in regard to his procedural handling of this matter.
In addition, a second aspect renders the defendant's contention meritless. Although it is the general rule in this state that proof of other crimes, separate and distinct from the one charged, are not admissible, there are recognized exceptions. Such evidence is admissible to show identity, guilty knowledge, intent, motive, and in circumstances where the offense charged is so interwoven with the other offense that it cannot be separated. Johnson v. State, 416 So.2d 383 (Miss. 1982); Page v. State, 369 So.2d 757 (Miss. 1979); Gray v. State, 351 So.2d 1342 (Miss. 1977).
In the case under consideration, the proof showed that the intruder wore a stocking mask over his face. Furthermore, the victim identified this defendant several months after the crime by his build, height and voice. Thus, it appears to this Court that the contested evidence was not only admissible, but perhaps necessary to aid the jury to better judge the victim's identification of the defendant. In addition, another exception also allowing admission of the testimony is that the robbery and the alleged rape were so interwoven as to be incapable of separation. Therefore, this Court is of the opinion that the evidence, even if prejudicial, was admissible under two exceptions to the general rule as stated above.

II.
The next assignment of error was that the trial court committed error in overruling a defense objection to leading questions by the prosecutor. In the testimony of this case a friend of the defendant named Clarence Joiner was offered as a witness by the state. The following is the testimony objected to by the defense.
QUESTION: Did he ever tell you anything about Presidential Hills?
BY MR. FOUGEROUSSE: Your Honor, I object to that question. By phrasing that question that way, the District Attorney is leading the witness. Even though we object, the witness now knows what kind of response to make and I would ask the Court to admonish the District Attorney 
BY THE COURT: Is your objection to leading?
BY MR. FOUGEROUSSE: Yes sir.
BY THE COURT: Please don't lead the witness, Mr. Peters.
QUESTION: When you and this Defendant were talking about that gun, did he ever mention anything to you about a house and the gun?
ANSWER: Yes sir.
QUESTION: What did he say?
ANSWER: Well, he just said, you know, he got if [sic] from a house out in Presidential Hills.
QUESTION: What did he say 
BY MR. CURRIE: I'm going to object. This is a perfect example. He gives him Presidential Hills and then he gives him the rifle and then he gives him the house.
BY THE COURT: Overruled. Move along.
A leading question is one that suggests to the witness the specific answer desired by the examining attorney. McCormick's Handbook of the Law of Evidence 8 (2d ed. 1972). Trial courts are given great discretion in permitting the use of such questions, and unless there has been a manifest abuse of discretion resulting in injury to the complaining party, we will not reverse the decision. Seals v. St. Regis Paper Co., 236 So.2d 388 (Miss. 1970); Thomas v. State, 217 So.2d 287 (Miss. 1968); Mississippi Utilities Co. v. Smith, 166 Miss. 105, 145 So. 896 (1933). This is because the harm caused is usually inconsiderable and speculative, and only the trial court was able to observe the demeanor of the witness to determine the harm. 3 J. Wigmore, Evidence in Trials at Common Law, § 770 (1970). In the instant case, it does not appear that the use of the above questions were so prejudicial as to deny the defendant a fair trial. Even without Joiner's testimony, there was substantial evidence upon which Whitlock could be convicted. We, therefore, find no reversible error in this assignment.

*204 III.
The last assignment of error in this case is that the trial court committed error in refusing a reasonable hypothesis instruction requested by the defense as follows:
If you can reconcile the evidence upon any reasonable hypothesis consistent with the defendant's innocence, you should do so and find him not guilty.
No authorities by defense counsel were cited in support of this contention. This instruction appears to be a variation of the circumstantial evidence instruction which tells a jury that it must find a defendant guilty beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with the defendant's innocence. It is only in cases where the evidence is entirely circumstantial that the jury is required to exclude every other reasonable hypothesis than guilt. Nobles v. State, 241 So.2d 826 (Miss. 1970); Pettus v. State, 200 Miss. 397, 27 So.2d 536 (1946); 1 J. Alexander, Mississippi Jury Instructions § 1501 (1953). In the case at bar, the prosecution relied upon both direct and circumstantial evidence. Mrs. Robinson was an eyewitness who identified Whitlock as the accused. Therefore, we find no error in this assignment.
Finding no reversible error, the conviction and sentence of the appellant are affirmed.
AFFIRMED.
PATTERSON, C.J., SUGG and WALKER, P.JJ., and BROOM, ROY NOBLE LEE, HAWKINS, BOWLING and DAN M. LEE, JJ., concur.