441 So.2d 1359 (1983)
Jimmy HICKS, Sr.
v.
STATE of Mississippi.
No. 54585.
Supreme Court of Mississippi.
December 14, 1983.
James P. Streetman, III, Barnett & Streetman, Jackson, for appellant.
Bill Allain, Atty. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, BOWLING and PRATHER, JJ.
PRATHER, Justice, for the Court:
The defendant, Jimmy Hicks, Sr., was convicted in the Circuit Court, First Judicial District of Hinds County, of the crime of sexual battery (MCA § 97-3-95 (1972) (Supp. 1983)), with his twelve year old natural daughter, Remona Hicks, and sentenced to twenty years in the Mississippi Department *1360 of Corrections. Hicks appeals and assigns:
(1) That the trial court erred by allowing prosecutrix, Remona Hicks, to testify about incidences of sexual battery between her and her father which occurred prior to the act alleged in the indictment; and
(2) That Mississippi Code Annotated section 97-3-95 (1972) (Supp. 1983) is unconstitutional in that it is overreaching, overbroad, and places an unfair burden on the defendant, denying him due process of law.

I.
The defendant was charged in the indictment with unlawfully committing a sexual penetration of Remona Hicks on November 9, 1981, in violation of Mississippi Code Annotated section 97-3-95 (1972) (Supp. 1983), which statute is as follows:
A person is guilty of sexual battery if he or she engages in sexual penetration with:
(a) Another person without his or her consent;
(b) A mentally defective, mentally incapacitated or physically helpless person; or
(c) A child under the age of twelve (12) years.
Section 97-3-97 defines sexual penetration as:
(a) "Sexual penetration" includes cunnilingus, fellatio, buggery or pederasty, any penetration of the genital or anal openings of another person's body by any part of a person's body, and insertion of any object into the genital or anal openings of another person's body.
Remona Hicks, a twelve year old female, was at home with her father, twelve year old sister, and six year old brother on the night of November 9, 1981, while her mother was at work. On that night Jimmy Hicks had sexual intercourse with his daughter, but without her consent. The first time that he had intercourse with her was in September, 1981. Also, on three other occasions between that time and November 9, he had sexual intercourse with her. The only incident for which Hicks was indicted was the one that occurred on November 9. The prosecutrix was qualified as to her knowledge of what "sexual intercourse" meant and she testified as to all these incidents, over objection. Remona's sister corroborated her testimony as to the father's taking Remona alone into a bedroom on one occasion.

II.
The issue presented is whether or not in cases of sexual battery prosecuted under section 97-3-95, Mississippi Code Annotated (1972) (Supp. 1982), prior sexual acts with the same person and of the same kind as that involved in the main transaction are logically relevant to the issue being tried and, thus, admissible at trial.
Appellant contends that the twelve year old victim's testimony relative to four separate and prior instances of sexual penetration were inadmissible in his prosecution for sexual battery. The testimony developed (1) that each prior act of sexual penetration was performed with the same youthful victim; (2) that each incident occurred at the victim's home during a time in the day or night when the complainant's mother was at work; (3) that each one of the incidents occurred within a two and a half month timeframe; (4) that each involved actual penetration of the defendant's penis into the vaginal orifice of his daughter; (5) that each act of sexual penetration occurred without the consent of the victim; and (6) the defendant, during three of the four prior acts of intercourse, achieved an orgasm.
The general rule in Mississippi is that in criminal prosecutions evidence which shows that the accused is guilty of the commission of other offenses at other times is not admissible. Brooks v. State, 242 So.2d 865 (Miss. 1971). But, the rule has exceptions: "Evidence of other crimes is admissible to prove identity of the defendant, scienter or guilty or criminal knowledge, criminal intent or purpose, motive, a plan or system of criminal action where a continuing offense is charged, or where other crimes form a part of the res gestae." Lee v. State, 244 Miss. 813, 146 So.2d 736 *1361 (1962); Whitlock v. State, 419 So.2d 200 (Miss. 1982).
The Brooks case, also stated:
Accordingly, evidence is generally held to be admissible which shows or tends to show prior offenses of the same kind committed by defendant with the prosecuting witness. The courts assign various reasons for the admission of this evidence such as corroboration of the offense charged, to show the intimate relation between the parties, the lustful disposition of defendant toward the prosecuting witness, and the probability of his having committed the offense charged. An exhaustive annotation in 77 A.L.R.2d 841, 852 (1961), discusses many cases from other jurisdictions upholding this rule.
We hold that the cases of Speagle v. State, 390 So.2d 990 (Miss. 1980); Davis v. State, 367 So.2d 445 (Miss. 1979); and Brooks v. State, supra, controls the posture of the present assignment of error. The holdings in these three cases were highlighted in Otis v. State, 418 So.2d 65, 68 (Miss. 1982), where we find the following:
The State argues that such evidence was admissible to show the lustful, lascivious disposition of the appellant to rape the prosecutrix. In Speagle v. State, 390 So.2d 990 (Miss. 1980), the defendant was tried for incest, and the Court stated that other acts of sexual relations between the defendant and the victim were admissible for that purpose.

Davis v. State, 367 So.2d 445 (Miss. 1979), a case involving the "crime against nature" with an eleven year old female child, held that it was not error for the victim to testify that the defendant had subjected her to the same acts on former occasions, in view of the nature of the offense and the circumstances.
In Brooks v. State, 242 So.2d 865 (Miss. 1970), the defendant was convicted of statutory rape. The Court held that, in cases involving females under the age of consent, evidence of other sexual acts were admissible. English v. State, 206 Miss. 170, 39 So.2d 876 (1949), was partially overruled... . [418 So.2d at 68].
There is no practical distinction between the facts in Speagle, Davis and Brooks and those existing in the case sub judice. The acts constituting the offenses charged are essentially the same because all involved a form of sexual penetration which today would be clearly proscribed by section 97-3-95.

III.
The second issue involves the constitutionality of Mississippi's sexual battery statute as being overbroad, and over-reaching. Also, he alleges that this 1980 statute gives the State advantage as to proof and that the criminal acts that it is designed to cover are covered under other more extensive sections of the code.
We hold that the statute which expressly and clearly proscribes the sexual penetration of another person without his or her consent is unambiguous. We find no constitutional invalidity of this statute on the charge made here of Hicks.
On this record, we find no error.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and ROBERTSON, JJ., concur.