# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-CT-00945-SCT

*WOODIE C. LAMBERT*

*v.*

*STATE OF MISSISSIPPI*

### ON PETITION FOR WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 9/13/95 |
| TRIAL JUDGE: | HON. KEITH STARRETT |
| COURT FROM WHICH APPEALED: | WALTHALL COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | KIM T. CHAZE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | DUNN O. LAMPTON |
| NATURE OF THE CASE: | CRIMINAL-FELONY |
| DISPOSITION: | AFFIRMED - 12/10/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/31/98 |

**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1. Woodie C. Lambert was first indicted by the Walthall County Grand Jury in 1991 for sexual battery and touching a child for lustful purpose. Lambert was convicted in 1991 on two counts of touching a child for lustful purpose but his convictions were reversed and remanded by this Court because of the failure of the circuit court to grant a continuance. *See **Lambert v. State***, 654 So.2d 17 (Miss. 1995). On remand Lambert was convicted in September 1995 on one count of touching a child for lustful purpose and was sentenced to ten years in the custody of M.D.O.C., with two years suspended and five years probation. Lambert appealed his conviction and sentence to this Court, which assigned the appeal to the Court of Appeals. The Court of Appeals reversed Lambert's conviction and sentence due to admission of evidence of improper conduct with young girls besides that for which he was on trial. We granted the petition for writ of certiorari filed by State of Mississippi, and find that the decision of the Court of Appeals as to reversal of Lambert's conviction was correct.

## I.

¶2. On August 10, 1990, Woodie Lambert's daughters, June and Joan Lambert, had their friends, M.D.

and D.R., spend the night at Lambert's house. M.D. was nine years old at the time. The versions of the witnesses vary, but at some time around 9:00 p.m. that night, while Woodie Lambert was hanging clothes on a clothes line, the girls began smoking cigarettes and M.D. approached Woodie about getting some cigarettes. According to M.D. at that time Woodie requested a kiss, then tried to kiss M.D., then put his hands on M.D.'s buttocks. D.R. testified that she witnessed this. M.D. then got away from Woodie and told the other girls what had happened. Joan Lambert didn't believe M.D., so M.D. went back to Woodie. M.D. stated that this time Woodie again attempted to kiss her and put his hands inside her shirt, and then put one hand inside her pants against her buttocks. M.D. also testified that later that night she and June were sleeping on a water bed with Woodie, and when M.D. woke up Woodie was sleeping next to her with his hands on her buttocks.

¶3. According to Woodie Lambert he first caught all four girls smoking that night and gave them all cigarettes in an attempt to make them sick. Woodie stated that later, when he was hanging up clothes on a clothes line, M.D. approached him, gave him a hug, and asked him for cigarettes. When Woodie refused M.D. stated that she would give him five real kisses for cigarettes, and when Woodie asked what real kisses were, M.D. stated "you know, with my tongue." Woodie told her he didn't want to hear that and told her to go back into the house. Woodie stated that he slept on a couch that night because all the girls were on his water bed. Woodie Lambert was convicted of one count of touching M.D. for lustful purpose.

## II.

¶4. The Court of Appeals identified the dispositive issue in this case as admission of alleged prior acts of sexual misconduct with young girls other than M.D. A review of the briefs and record appears to show the following testimony at issue: (1) D.R. was called as a rebuttal witness for the State. She testified that on some unspecified day after August 10, 1990, she went back to the Lambert house. While there Woodie Lambert gave D.R. and his two daughters wine coolers. Later they were all on the water bed, and when D.R. woke up Woodie's hands were in her shorts. She went back to sleep and when she awoke, her hand was in Woodie's pants. She denied putting it there. (2) Jane Lambert, Woodie Lambert's oldest daughter, testified for the defense that M.D. came back to Lambert's house to spend the night on several occasions after August 10, 1990; that M.D. didn't appear disturbed or upset on the night in question; that M.D. had a chance to go home and she refused; that M.D. said that she had lied about what happened at the clothes line because Woodie wouldn't give her cigarettes. On cross-examination Jane was asked if she ever made the statement that Woodie had molested her and that she was afraid of him, and she said that she had, but that she had lied. (3) J.D., sister of M.D., was called as a rebuttal witness for the State. She testified that she had spent the night with Joan Lambert in the summer of 1990, and there was a hole in the bathroom door and she heard Woodie Lambert outside the door while the girls were taking a shower. She said that later the same evening, Woodie Lambert put his arms around her and put his hands on her buttocks.

¶5. The Court of Appeals found that this Court's holding in *Mitchell v. State*, 539 So.2d 1366 (Miss. 1989), compelled reversal. In *Mitchell* evidence of other sexual offenses besides the one charged was admitted. This Court found this to be inadmissible hearsay, and also stated that evidence was also excluded by M.R.E. 404(b):

> The state urges that this testimony was admissible to show the system of criminal action and lustful disposition of Mitchell toward children, citing *Hicks v. State*, 441 So.2d 1359 (Miss. 1983). Hicks synthesizes this Court's previous holdings in *Otis v. State*, 418 So.2d 65 (Miss. 1982), *Speagle v.*

*State*, 390 So.2d 990 (Miss. 1980), *Davis v. State*, 367 So.2d 445 (Miss. 1979), and *Brooks v. State*, 242 So.2d 865 (Miss. 1971). These cases all held that evidence of other acts of sexual relations between the defendant and victim were admissible to show the lustful, lascivious disposition of the defendant toward that particular victim. *See also Woodruff v. State*, 518 So.2d 669 (Miss. 1988); *White v. State*, 520 So.2d 497 (Miss. 1988). It should be emphasized that these cases specifically limited evidence of other sexual relations to those between the defendant and the particular victim. In this case, evidence was admitted of Mitchell exposing himself to children other than Shannon. The state would have this Court expand the holding in these cases to include testimony that shows a defendant's character of lustful behavior toward children in general, not just toward Shannon. Such an expansion would not be consistent with the purposes of M.R.E. 404(b), nor consistent with the notion that a defendant is on trial for a specific crime and not for generally being a bad person.

*Mitchell*, 539 So.2d at 1372.

¶6. The Court of Appeals found that *Mitchell* holds that any time evidence of a sexual offense other than the one charged, which involves a victim other than the victim of the charged offense, is admitted, then that admission of evidence of the offense is per se reversible, even if the evidence at issue comes under one of the exceptions under M.R.E. 404(b). This interpretation is what the State questions in its petition. The State argues that *Mitchell* should not be applied so mechanically, and that the evidence here did fit one (or all) of the exceptions under 404(b). While we agree that there could be a case where similar evidence could be admissible, the Court of Appeals was correct in reversing Lambert's conviction.

¶7. While the argument could be made that the evidence in question fits one of the 404(b) exceptions (proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident), the evidence which was admitted is extremely prejudicial under M.R.E. 403. Admission of such evidence would amount to the exception that negates the rule. In *Nicholson v. State*, 704 So.2d 81 (Miss. 1997), Nicholson was accused of the sexual battery of L.T.B. The State was allowed to cross-examine Nicholson about fondling allegations involving another girl, C.D. When Nicholson denied these allegations, the State introduced the evidence through C.D. as a rebuttal witness. Nicholson, in addition to denying the allegations involving L.T.B., stated: "I've never done anything wrong to any child. I never have and I never will."*Nicholson*, 704 So.2d at 82. This Court found that the State could not introduce inadmissible evidence through rebuttal witnesses, which was first set up by cross-examination of defense witnesses. This Court further rejected the argument that Nicholson had "opened the door" to admission of C.D.'s testimony.

¶8. In this case Woodie Lambert gave no testimony which could be said to have "opened the door" and justified the rebuttal testimony in question. The District Attorney, when responding to objections concerning his cross-examination of defense witnesses, stated that he was laying a predicate for impeachment. *Nicholson* clearly prohibits the manner in which that was done in this case.

¶9. We do find that the circuit court was correct in allowing Jane Lambert, as a defense witness, to be impeached with her prior accusations against her father. *See* M.R.E. 608(b). The admission of the remainder of the evidence in question was in error, and the Court of Appeals was correct in reversing Woodie Lambert's conviction. We therefore affirm the Court of Appeals.

¶10. **THE DECISION OF THE COURT OF APPEALS IS AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ. AND BANKS, J., CONCUR. McRAE, J.,**

**CONCURS IN RESULT ONLY. MILLS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY ROBERTS AND SMITH, JJ.**

**MILLS, JUSTICE, DISSENTING:**

¶11. The Court of Appeals has correctly interpreted and relied on this Court's prior holding in *Mitchell v. State*, 539 So. 2d 1366 (Miss. 1989). *Mitchell*, however, is flawed law. It aids only those who least deserve its benefits: those who repeatedly commit sexually violent acts and predatory pedophiles. I would overrule *Mitchell* since it arbitrarily instructs that admission of evidence of a sexual offense against one other than the victim is per se reversible. Astonishingly, *Mitchell* calls for reversal even when the evidence comes under one of the exceptions of M.R.E. 404(b). Since the majority's holding does little to correct the reasoning of *Mitchell*, I must respectfully dissent.

¶12. It is the general rule that prior bad acts are inadmissible to prove character. However, such acts may be admissible to show motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. M.R.E. 404(b). In contrast to this Court's holding in *Mitchell*, the majority recognizes there could be a case where similar evidence would be admissible. However, the majority finds that the evidence offered here, the testimony of girls other than the victim, is so prejudicial that its introduction was reversible error. *Mitchell* has produced, in the words of Alexander Pope, " . . . a work where nothing's just or fit, one glaring chaos and wild heap of wit." According to *Mitchell* logic, as applied in this case, if evidence is *effective*, it must be prejudicial since it tends to establish the truth, it must be stricken. How ridiculous.

¶13. The trial judge balanced the probative value of the testimony with its prejudice on the record and found the evidence should be allowed under M.R.E. 403. " A trial judge enjoys a great deal of discretion as to the relevancy and admissibility of evidence. Unless the judge abuses his discretion so as to be prejudicial to the accused, the Court will not reverse this ruling." *Stevens v. State*, 717 So. 2d 311, 313 (Miss. 1998)(citing *Fisher v. State*, 690 So.2d 268, 274 (Miss.1996)). I do not find the trial judge abused his discretion.

¶14. Sex crimes against children are furtive, secret events usually lacking evidence other than the conflicting testimony of the defendant and the victim. The only viable proof of motive, intent, plan, knowledge, identity or absence of mistake or accident may be the pattern of abuse suffered by others at the hands of the defendant. The need for this type of evidence has influenced the law in several states.

¶15. The Louisiana Supreme Court, when faced with the testimony of various neighbors and friends that the defendant had sexually assaulted them, held in a similar case:

> Finally, defendant contends that any probative value would be outweighed by prejudice, especially when one considers that some of the alleged events in question occurred over twenty years prior to the instant charges being brought. The state focuses instead on the necessity of the other crimes evidence to corroborate the testimony of the very young victim.

If admitted, this evidence will be relevant to show, contrary to the defendant's attempted exculpatory statement, that the facts giving rise to the instant charges were neither unintended nor accidental. Defendant's motive would also be disclosed: a seemingly uncontrollable desire to partake in pedophilic sexual activities with young and developing female juveniles. Finally, defendant's means of accomplishing these activities on past occasions bear substantial resemblance to each other and with the present offense.

*State v. Driggers*, 554 So. 2d 720, 726 (La. Ct. App.1989). The Louisiana Supreme Court also recently held there was no abuse of discretion in allowing testimony regarding a prurient statement made to an eight year old girl who was not the victim of the alleged abuse and was not related to the defendant. *State v. Miller*, 718 So. 2d 960 (La. 1998).

¶16. In *Ex parte Register*, 680 So. 2d 225 (Ala. 1994), the Alabama Supreme Court found no abuse of discretion by the trial court in allowing the defendant's natural daughter to testify to the defendant's previous improper conduct when defendant was charged with abuse of his step-daughter.

¶17. In *Shapiro v. State*, 696 So.2d 1321 (Fla. Dist. Ct. App. 1997), the Florida court found no abuse of discretion when a former patient testified to improper conduct by a psychologist and the psychologist was charged with sexual misconduct against another patient.

¶18. I find the reasoning of this Court in *Mitchell* undermines the balancing process contemplated by M.R.E. 403 and conflicts with M.R.E. 404(b) by imposing a virtual ban on evidence other than that of the relationship between the victim and the accused. The court below did not abuse its discretion when it found the probative value of the evidence outweighed the prejudicial effect under Rule 403. For these reasons, I would overrule this Court's decision in *Mitchell*, reverse the decision of the Court of Appeals, and affirm the decision of the Walthall County Circuit Court.

**ROBERTS AND SMITH, JJ., JOIN THIS OPINION.**