812 So.2d 1077 (2001)
Frank DORROUGH a/k/a Frank Washington Dorrough, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00431-COA.
Court of Appeals of Mississippi.
March 27, 2001.
*1078 David Lee Daniels, Tupelo, Attorney for Appellant.
Office of the Attorney General by Judy Kirstin Thomas Martin, Attorney for Appellee.
Before McMILLIN, C.J., PAYNE, and LEE, JJ.
LEE, J., for the Court:
¶ 1. Frank Dorrough was found guilty of aggravated assault upon Thomas Bailey. Feeling aggrieved by this judgment, he perfected a timely appeal and presents the following issues: (1) whether the trial court erred in allowing the State to ask a leading question, and (2) whether the trial court erred in refusing to grant jury instructions regarding self-defense and accidental injury. Finding these issues without merit, we affirm the decision of the trial court.

FACTS
¶ 2. There are essentially two versions presented regarding the facts that lead to Dorrough's charge for aggravated assault. Witnesses for the State basically testified that around 8:30 p.m. Thomas Bailey, the victim of the assault, was visiting outside an apartment located in the Pannell Apartments complex. During this time, Frank Dorrough and his girlfriend were going to Dorrough's apartment. Bailey and another witness testified that Bailey said "goodnight" to Dorrough and his girlfriend as they were entering Dorrough's apartment. Subsequently, Dorrough exited his apartment and approached Bailey.
¶ 3. Bailey testified that a physical altercation eventually erupted between him and Dorrough. Bailey asserted that Dorrough was the first to make physical contact. Once the physical altercation ceased between Bailey and Dorrough, witnesses testified that Dorrough retrieved the keys to his automobile and obtained a long knife from the trunk. Several witnesses referred to the knife as a machete.
¶ 4. Dorrough then approached Bailey, raised the knife and struck him in his wrist with the knife. After having struck Bailey, Dorrough fled the scene. Dorrough presented a different version of the evening's events.
¶ 5. Dorrough testified that he and his girlfriend were going into his apartment and Bailey directed profane comments to him. However, he did not know exactly what language had been used by Bailey. Dorrough stated that when he approached Bailey to ask him what he had said, Bailey threw and hit him with a small bicycle frame. Thereafter, a fight ensued between them.
¶ 6. Dorrough claimed that Bailey's sister and two sons also began fighting with him. Dorrough asserted that after the fight was over he went inside his apartment and waited for the police to arrive, but they never did.
¶ 7. Dorrough denied being in possession of a machete, or for that fact, any type of knife or weapon. Dorrough contended that he was also cut in the fight between him and Bailey and that whoever cut him must have also cut Bailey.
¶ 8. The wound inflicted on Bailey did result in some permanent damage.

DISCUSSION

I. WHETHER THE TRIAL COURT ERRED IN ALLOWING THE STATE TO ASK A LEADING QUESTION.
¶ 9. Dorrough argues that error was committed when the State was allowed to question Officer Sappington as follows: "After you spoke with the witnesses on the scene that night, was your *1079 primary concern to find the person that supposedly was out there running around with a weapon?" Officer Sappington answered the question by stating, "Correct." At trial Dorrough objected to this question on the basis that it was leading. Dorrough now asserts that by allowing this question the State was able to imply that he was "out there running around with a weapon," and denied him his constitutional right to confront witnesses.
¶ 10. The State argues that Dorrough's argument regarding the violation of his right to confront witnesses against him is procedurally barred and wholly unsupported by the record. The State contends that Dorrough's argument lacks support in the record because Officer Sappington was never directly asked whether it was Durrough who was "out there running around with a weapon." The State asserts that in light of all the evidence presented at trial even without Officer Sappington's testimony there was sufficient evidence to establish that Dorrough was "out there running around with a weapon." Furthermore, the State contends that Dorrough failed to establish under Mississippi Rules of Evidence Rule 103 how a substantial right was affected. We first look to the State's assertion that Dorrough's argument is procedurally barred from review on appeal.
¶ 11. In Smith v. State, on appeal, Smith challenged several witnesses' testimony presented at trial; however, Smith had failed to make an objection at the trial court level. Smith v. State, 724 So.2d 280, 321 (¶ 167-68) (Miss.1998). The Mississippi Supreme Court held that Smith's failure to raise a contemporaneous objection before the trial judge based on his argument waived the issue on appeal; therefore, it was procedurally barred. Id. The same situation has presented itself in the case at bar.
¶ 12. At the trial court level Dorrough only objected to the aforementioned question on the basis that it was leading. Dorrough failed to assert an argument regarding his right to confront witnesses until his appeal. Therefore, this issue is procedurally barred. However, even if this issue were not procedurally barred it is unpersuasive.
¶ 13. Dorrough argues that a violation of Mississippi Rules of Evidence Rule 103 has occurred; however, Dorrough's failure to object on the basis that a substantial right had been affected, namely his right to confront witnesses, during his trial fails to meet the requirements of Mississippi Rules of Evidence Rule 103. The comment to Mississippi Rules of Evidence Rule 103 requires that "[t]he objection must state the specific ground of [the] objection unless the specific ground is apparent from the context."
¶ 14. Both parties cite Whitlock v. State, 419 So.2d 200, 203 (Miss.1982), to support their position. Whitlock states the rule that this Court is to apply when reviewing a trial court's decision regarding leading questions and reads as follows:
A leading question is one that suggests to the witness the specific answer desired by the examining attorney. Trial courts are given great discretion in permitting the use of such questions, and unless there has been a manifest abuse of discretion resulting in injury to the complaining party, we will not reverse the decision. This is because the harm caused is usually inconsiderable and speculative, and only the trial court was able to observe the demeanor of the witness to determine the harm.
Id. at 203. (citations omitted). The Mississippi Supreme Court in Whitlock, determined that the leading questions were not sufficiently prejudicial to deny Whitlock a fair trial. Id. at 203. The court reached *1080 this conclusion because they held that even without the witness's testimony that was alleged to be in error, there was substantial evidence presented to convict Whitlock. Id. This is the situation in the case sub judice.
¶ 15. Dorrough fails to specifically enumerate how the complained of question presented to Officer Sappington injured him. Additionally, several witnesses who were presented at trial testified that Dorrough was the aggressor in this confrontation and that he approached and struck Bailey with a long knife which was often referred to as a machete. Therefore, we determine that sufficient evidence was presented regarding Dorrough's involvement in the charged crime of aggravated assault. Dorrough's argument is without merit, and no abuse of discretion occurred on the part of the trial judge.

II. WHETHER THE TRIAL COURT ERRED IN REFUSING TO GRANT JURY INSTRUCTIONS REGARDING SELF-DEFENSE AND ACCIDENTAL INJURY.
¶ 16. Dorrough argues that at trial he presented two self-defense instructions, D-1 and D-2, as well as D-3, a substantive jury instruction incorporating self-defense and accident, and that it was error for the trial court to deny these instructions. Dorrough contends that he was entitled to these instructions because some testimony disclosed that Bailey had picked up a bicycle frame and hit him with it, resulting in a fight between the two, ... and that he was defending himself.
¶ 17. The Mississippi Supreme Court has clearly stated:
A defendant is entitled to have jury instructions given which present his theory of the case; however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is fairly covered elsewhere in the instructions, or is without foundation in the evidence. When dealing with an issue of a refused jury instruction, as we are here, the trial court is afforded considerable discretion, and our primary concern on appeal is that "the jury was fairly instructed and that each party's proof-grounded theory of the case was placed before it."
Cohen v. State, 732 So.2d 867, 872 (¶ 13) (Miss.1998). (citations omitted).
¶ 18. The State asserts that Dorrough was not entitled to jury instructions D-1, D-2, and D-3 because no evidence was presented by Dorrough or others to support the granting of the instructions. A review of the record reveals that the State's assertion is accurate.
¶ 19. Dorrough testified as follows:
Q: Were you injured in that fight?
A: Yes, sir. I was cut. I was cut here, cut in my hand and cut here on my wrist and cut in my hand.
. . . .
A: I was cut here and here (indicating) in the fight. I was cut here and I was cut here (indicating) in the fight. The same person that tried to cut him cut me.
. . . .
Q: Mr. Dorrough, do you know who cut you?
A: No, Sir.
. . . .
Q: Where was everybody else you were fighting with?
A: Everybody else that I was fighting with they was around. I hit him. We got on the ground. We started fighting. Somebody ran up behind me. I threw my hand up and they cut me here, cut me in my hand, and I guess they was trying to cut me again when they cut him. I didn't have no knife, no weapon.
*1081 While Dorrough did assert that Bailey had instigated the fist fight, Dorrough's aforementioned testimony does not allow him to make the stretch and support a self-defense and/or accident instruction regarding the infliction of a wound on Bailey with a machete. This is so because Dorrough asserts that he did not have a weapon and was not the one who inflicted the injury for which the charge of aggravated assault is based. Additionally, witnesses for the State gave no support for jury instructions based on self-defense and accident.
¶ 20. The State's witnesses testified that Dorrough was the aggressor and purposely retreated from the physical altercation that had occurred between him and Bailey; thereafter, retrieving and striking Bailey with the machete. Accordingly, the trial judge did not abuse his discretion, and this issue is without merit.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIVE YEARS SUSPENDED AND FIVE YEARS POST-RELEASE SUPERVISION AND FINE OF $3,000 AND ORDER TO MAKE RESTITUTION TO THE VICTIM IN THE TOTAL SUM OF $22,990 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, IRVING, MYERS and CHANDLER, JJ., concur.