738 So.2d 258 (1999)
Andrew Scott BARBETTA, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-00906 COA.
Court of Appeals of Mississippi.
January 26, 1999.
Rehearing Denied April 20, 1999.
Certiorari Denied July 1, 1999.
*259 Tom Sumrall, Crestview, FL, Attorney for Appellant.
Office of the Attorney General by Charles W. Maris Jr., Attorney for Appellee.
EN BANC.
BRIDGES, C.J., for the Court:
¶ 1. Andrew Scott Barbetta was convicted in the Circuit Court of Harrison County on September 16, 1997, of the crime of touching of a child for lustful purposes. Barbetta was sentenced to a term of fifteen years with five years suspended to be served in the custody of the Mississippi Department of Corrections. Aggrieved, Barbetta appeals the following issues: 1) that the court erred in overruling his motion in limine regarding the testimony of prior conduct between him and the victim; 2) that the court erred in allowing hearsay testimony of the mother made to her by the victim; and 3) that the court erred in allowing the police officer to testify as to his opinion on whether or not it was unusual that the victim waited to report the alleged incident. Finding no merit to the issues raised, we affirm.

FACTS
¶ 2. On or around March of 1996, fourteen-year-old S.H. and her sister went to their aunt's house to baby-sit. S.H.'s aunt was living with Barbetta at the time, and the two had gone out gambling. When the two returned home, S.H. and her sister were asleep on the couch. Barbetta testified that he and S.H.'s aunt watched T.V. in the room where S.H. and her sister were sleeping, but went to bed about a half hour later and remained there the entire night. However, S.H. testified that Barbetta came back later into the room where she was sleeping and "started messing with her." S.H. testified that Barbetta felt the outside and inside of her shorts with his hands and touched her breasts. A.H., S.H.'s sister, testified that she remembered Barbetta coming into the room and waking her up telling her to move. A.H. stated that she told him no and went back to sleep. A.H. testified that he told her to move a second time, and this time she moved to the floor. A.H. testified that she saw Barbetta lie down by S.H., but that was all she could remember.
¶ 3. S.H. testified that after she told her mother about the incident, they reported it to Gulfport Police Officer Alfred Sexton. S.H. stated that she felt more comfortable with Sexton since she knew him from Junior Explorers and the DARE Program at her school. Barbetta was later indicted and convicted of the touching of a child for lustful purposes and sentenced to serve a term of fifteen years with five years suspended in the custody of the Mississippi Department of Corrections.

ARGUMENT AND DISCUSSION OF LAW

I. WHETHER THE COURT ERRED IN OVERRULING THE APPELLANT'S MOTION IN LIMINE WHICH ALLOWED TESTIMONY OF PRIOR CONDUCT BETWEEN THE APPELLANT AND THE VICTIM.
*260 ¶ 4. Barbetta argues on appeal that the court erred in allowing the testimony of prior conduct between Barbetta and S.H. Specifically, Barbetta contends that the testimony relating to the prior conduct was too remote in time, and even if the testimony was proper, the court erred in failing to weigh the probative value against the prejudicial effect. The State argues that according to Mississippi case law, testimony relating to prior incidents of similar misconduct by the appellant toward the victim, showing the "lascivious disposition" of the appellant toward the victim, can be admitted into evidence.
¶ 5. At trial on direct examination, counsel asked S.H. if Barbetta had "ever done anything like that before?" Over the defense's objection, S.H. testified that Barbetta had "messed with" her several years ago when the family lived in Long Beach, Mississippi. S.H. testified that her parents had planned to go out and that since her aunt and Barbetta were temporarily living with them, he had offered to watch her and her sister. S.H.'s mother testified that S.H. started crying and told them what Barbetta had done to her on several occasions. S.H.'s mother testified that she made the final decision not to report the incident due to S.H.'s young age. Instead, S.H.'s aunt and Barbetta were asked to move out. S.H. testified that after they moved out she had limited contact with her aunt and Barbetta for several years.
¶ 6. The trial judge held that based upon M.R.E. 404(b)[1] and the case of Edlin v. State, 533 So.2d 403 (Miss.1988), the evidence of prior conduct was more probative than prejudicial and the evidence was relevant. The trial judge stated that according to the Edlin case, the remoteness of the evidence of prior bad acts being introduced to show motive is within the court's discretion. Moreover, a limiting instruction was given which stated that the evidence was not admitted to show that the appellant acted in conformity with the alleged bad act, but was being introduced to show motive, intent, preparation, plan, knowledge, identity or absence of mistake or accident.
¶ 7. According to Mississippi case law, there is a clear line of cases that authorize a court in the prosecution of a sexual offense to allow evidence of prior sexual crimes of the accused. In Hicks v. State, 441 So.2d 1359, 1361 (Miss.1983), the supreme court stated that the general rule in Mississippi is that "evidence which shows that the accused is guilty of the commission of other offenses at other times is not admissible." (citation omitted). However, the evidence will be admitted "to prove identity of the defendant, scientor or guilty or criminal knowledge, criminal intent or purpose, motive, a plan or system of criminal action where a continuing offense is charged, or where other crimes form a part of the res gestae." Id.
Accordingly, evidence is generally held to be admissible which shows or tends to show prior offenses of the same kind committed by defendant with the prosecuting witness. The courts assign various reasons for the admission of this evidence such as corroboration of the offense charged, to show the intimate relation between the parties, the lustful disposition of defendant toward the prosecuting witness, and the probability of his having committed the offense charged. An exhaustive annotation in 77 A.L.R.2d 841,852 (1961), discusses many cases from other jurisdictions upholding this rule.
Id. (quoting Brooks v. State, 242 So.2d 865, 869 (Miss.1971) (emphasis added)).
¶ 8. Other case law includes Davis v. State, 367 So.2d 445, 445 (Miss.1979), where the supreme court found that it was not error, where the accused was charged *261 with sodomy upon an eleven year old female, to allow the victim to testify that the accused had subjected her to the same thing on a prior occasion. Additionally, in Speagle v. State, 390 So.2d 990, 990 (Miss. 1980), the supreme court held that evidence of prior incestuous conduct with the victim was admissible. Moreover, in Mitchell v. State, 539 So.2d 1366, 1372 (Miss.1989), the court concluded that under Rule 404(b) "evidence of other sexual relations [should be limited] to those between the defendant and the particular victim [at issue]." After careful review of the record and relevant Mississippi case law, it is this Court's opinion that it was not error to permit the testimony of the prior sexual incident in this case. This issue is without merit.
II. WHETHER THE COURT ERRED IN ADMITTING THE ALLEGED HEARSAY TESTIMONY OF THE VICTIM'S MOTHER.
III. WHETHER THE COURT ERRED IN ALLOWING THE POLICE OFFICER TO TESTIFY AS TO HIS OPINION ON WHETHER OR NOT IT WAS UNUSUAL THAT THE VICTIM WAITED TO REPORT THE INCIDENT.
¶ 9. Barbetta argues on appeal that the testimony given by the S.H.'s mother relating to what S.H. told her was hearsay and did not fall into any of the hearsay exceptions. Further, Barbetta argues that the police officer was not qualified to testify as to his opinion as to whether or not it was unusual that S.H. waited a month to report the incident. The State argues that Barbetta's failure to cite any authority for his conclusion acts as a procedural bar. We agree.
¶ 10. "This Court has held that it is the duty of an appellant to provide authority and support of an assignment." Williams v. State, 708 So.2d 1358, 1360 (Miss.1998). Furthermore, "failure to cite any authority may be treated as a procedural bar.... [T]his Court is under no duty to consider assignments of error when no authority is cited." Id. In the case sub judice, Barbetta failed to cite any legal authority to support his conclusions. Thus, these assignments of error are procedurally barred.
¶ 11. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF TOUCHING OF A CHILD FOR LUSTFUL PURPOSES AND SENTENCE OF FIFTEEN YEARS WITH FIVE YEARS SUSPENDED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO HARRISON COUNTY.
McMILLIN and THOMAS, P.JJ., DIAZ, PAYNE, and SOUTHWICK, JJ., CONCUR.
KING, J., concurs with separate written opinion joined by COLEMAN, and SOUTHWICK, JJ.
IRVING and LEE, JJ., NOT PARTICIPATING.
KING, J., concurring:
¶ 12. I, concur with the result reached by the majority. However, I write separately to express my continuing disagreement with the notion that the failure to cite supporting authority results in an automatic procedural bar.
¶ 13. The cases cited in support of the alleged automatic procedural bar, generally state that the failure to cite authority may be treated as a procedural bar. This language is permissive, rather than mandatory. Such permissive language merely gives the court the option of deciding to hear, or not hear, an issue as opposed to automatically precluding its consideration.
¶ 14. I would suggest that this court not make mandatory that which is by nature permissive.
COLEMAN and SOUTHWICK, JJ., JOIN THIS OPINION.
NOTES
[1] M.R.E. 404(b) states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.