¶ 1. Having been convicted of sexual battery against a thirteen-year-old female *Page 633 
victim, Rayshon Darden has appealed that conviction to this Court. In his appeal, Darden raises four issues which he contends warrant a reversal of his conviction. First, he claims that the jury was not properly constituted in that it was drawn from a venire containing potential jurors from both judicial districts of Chickasaw County when it is undisputed that the alleged incident occurred in the Second District. Second, Darden urges that he was denied a fair trial when the trial court improperly excluded evidence that the alleged victim had previously made false allegations of sexual misconduct against other individuals. Third, Darden claims that the court erred in denying his requested instruction that the jury must resolve every reasonable doubt about the facts of the case in his favor. Finally, Darden suggests that the trial court erred in denying an instruction setting out a "mistake of age" defense. Finding no merit in Darden's various assertions, we affirm his conviction.
 I. Facts
¶ 2. Darden was accused of engaging in an act of sexual intercourse with a thirteen-year-old female in a room at the jail in Okolona where Darden was being held. The alleged victim claimed she was lured into the room by Darden as she waited in the jail office for her companion to use the restroom facilities at the jail. The encounter was interrupted by the jailer, who testified to discovering Darden in the room with his pants down poised over the victim and engaged in activity consistent with sexual intercourse.
 II. Venire Make-up
¶ 3. The jury that convicted Darden was drawn from a venire that had been selected from both the First and Second Judicial Districts of Chickasaw County. The venire members had been drawn pursuant to a previous order of the circuit judge approving the practice for the relevant court term because the small population of the Second District, combined with the fact that large numbers of the residents of that district were either related or closely acquainted, made the selection of an impartial jury from that district alone extremely difficult in all cases.
¶ 4. Darden claims that this practice violated the provisions of the statute regarding jury selection from counties divided into different judicial districts; particularly, Section 13-5-21 of the Mississippi Code, which states as a general proposition that
 where there are two (2) circuit court districts, the jury commission shall make a list of jurors for each district in the manner directed for a county, and the same shall be treated in all respects as for an entire county.
Miss. Code Ann. § 13-5-21 (Supp. 2000).
¶ 5. What Darden's argument fails to consider is that the very next sentence of the statute grants the trial court discretion to direct the service of jurors outside their district of residence. Miss. Code Ann. § 13-5-21 (Supp. 2000). It is clear from the record that the trial court accepted as reasonable the grounds advanced by the prosecution to have the venire drawn from both districts of the county and Darden has pointed to no fact, either before the trial court or in his brief to this Court, that would suggest that this decision was an abuse of the court's discretion or that it served in some way to deny Darden a fundamentally fair hearing before a fair and impartial jury. Myers v.State, 353 So.2d 1364, 1368 (Miss. 1978). There is no *Page 634 
basis to disturb the jury verdict on this ground.
 III. Allegations of Previous False Accusations by the Victim
¶ 6. Darden wanted to prove to the jury that the alleged victim had previously made false accusations of sexual activity against other individuals for the apparent purpose of impeaching her credibility in the eyes of the jury. The State objected on the ground that the defense had not provided the necessary fifteen days' notice of intent to offer such evidence required by Mississippi Rule of Evidence 412(c). Rather than rule on this ground, the trial court permitted Darden to make a proffer of the intended evidence outside the jury's presence. After hearing the proffer, the court ruled the evidence inadmissible, finding it was an improper method of proving such prior false statements. The court did not base its ruling on the timeliness issue raised by the State.
¶ 7. Despite the basis for the court's ruling, the State in its brief before this Court limits its argument solely to the Rule 412(c) question. We decline to decide the issue on this ground since it is evident from the text of the rule itself that the court is not absolutely bound by a fifteen-day advance notice deadline. However, looking to the reasoning of the trial court on the merits of admitting or excluding the evidence, we do not find error.
¶ 8. The first witness, Willie Brandy, was prepared to testify only that someone had told him that the victim "was going around spreading rumors that me and her had [engaged in sexual activity]." Any such assertion by Brandy would have necessarily been based solely on hearsay and, therefore, inadmissible since his testimony does not fall within any of the hearsay exceptions recognized by law. M.R.E. 802, 803.
¶ 9. The other witness, Anthony Moore, proposed to testify that the victim had falsely accused him of sexual misconduct on the back porch of her home. However, it developed during the inquiry that the accusation had been made as a part of a criminal prosecution of some sort for which Moore had actually been convicted. It is difficult to envision how, on these facts, Moore's testimony could be seen as tending to prove a false
allegation of a prior sexual offense against her and we do not think it error to have excluded Moore's testimony.
 IV. Mistake of Fact Instruction
¶ 10. Darden sought an instruction that said, in effect, that if it had a reasonable doubt as to whether he was actually aware that the alleged victim was under the age of fourteen years, the jury was obligated to acquit him. The instruction was denied as not being an accurate statement of the law. On appeal, Darden claims this was error. He points to his testimony that the victim had told him she was eighteen years old and that he proceeded on the assumption that what she had told him was correct.
¶ 11. Darden cites no authority in support of his argument, probably for the reason that no such authority exists in this State. The law is clear that "mistake of age" of the victim in sex crimes of this nature is not a valid defense. Daniels v. State, 742 So.2d 1140, 1144 (¶ 12) (Miss. 1999). This issue is without merit.
 V. Instruction Regarding Reasonable Doubt
¶ 12. Darden sought an instruction setting out the jury's duty to apply the presumption of innocence in its deliberations. *Page 635 
The trial court denied the motion, finding that the essential elements of the presumption of innocence in favor of a criminal defendant and the attendant burden of proof placed on the State had been covered in other instructions, rendering this instruction needlessly repetitive. Darden, though he lists the denial of this instruction as one of his issues advanced on appeal, offers no argument or citation to authority in support of the proposition that this constituted reversible error.See Hoops v. State, 681 So.2d 521, 526 (Miss. 1996). We consider the issue to have been abandoned and decline to consider it further.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF CHICKASAW COUNTY OFCONVICTION OF SEXUAL BATTERY AND SENTENCE OF TWENTY-FIVE YEARS IN THECUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TO PAY $100 TOTHE VICTIM'S COMPENSATION FUND IS AFFIRMED. ALL COSTS OF THIS APPEAL AREASSESSED TO CHICKASAW COUNTY.
KING AND SOUTHWICK, P. JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS,CHANDLER AND BRANTLEY, JJ., CONCUR.