805 So.2d 654 (2002)
Edward D. FLOWERS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-02001-COA.
Court of Appeals of Mississippi.
January 22, 2002.
*656 Edward D. Flowers, Pro Se.
Office of the Attorney General by Scott Stuart, Jackson, Attorney for Appellee.
Before KING, P.J., LEE, IRVING, and BRANTLEY, JJ.
LEE, J., for the Court.
¶ 1. Edward D. Flowers pled guilty to the crime of armed robbery. Flowers was sentenced to twenty years in the Mississippi Department of Corrections with five years suspended and five years to be served on supervised probation. Thereafter, Flowers filed a petition for post-conviction collateral relief asserting that many of his constitutional rights had been violated, that he had received ineffective assistance of counsel, and that due to a condition known as cleft lip or cleft palate, he was not mentally competent at the time he entered his plea of guilty. The trial judge found these arguments without merit and denied his petition. Flowers has filed a timely pro se appeal and presents the following issues for our review: (1) whether Flowers received ineffective assistance of counsel, (2) whether the district attorney knew Flowers was not competent to enter a guilty plea, and (3) whether Flowers's guilty plea was rendered void because it was not voluntarily and intelligently entered due to a mental disability. Finding these issues without merit, we affirm the decision of the trial judge.

FACTS
¶ 2. Flowers and Carl Lee Robinson robbed Anthony Fratesi by using a pistol and taking his wallet containing approximately $100.

STANDARD OF REVIEW
¶ 3. Mississippi Code Annotated § 99-39-11(2) (Rev.2000) addresses the judicial examination of the original post-conviction collateral relief motion and states:
If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.
¶ 4. In Par Industries, Inc. v. Target Container Co., the applicable standard of review was stated:
"A circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor," and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence. Where the trial court failed to make any specific findings of fact, this Court will assume that the issue was decided consistent with the judgment and these findings will not be disturbed on appeal unless manifestly wrong or clearly erroneous. The reviewing court must examine the entire record and must accept, "that evidence which supports or reasonably tends to support the findings of fact made below, together with all reasonable inferences which may be drawn therefrom and which favor the lower court's findings of fact." That there may be other evidence to the contrary is irrelevant.
Par Indus., Inc. v. Target Container Co., 708 So.2d 44, 47 (¶ 4) (Miss.1998) (citations omitted).

*657 DISCUSSION

I. WHETHER FLOWERS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 5. Flowers argues that he received ineffective assistance of counsel because he is mentally disabled and did not understand what he was doing when he entered his guilty plea, and his attorney failed to present medical evidence to support this claim.
¶ 6. The State first argues that this issue is procedurally barred because Flowers failed to cite any authority to support his position. Next, the State contends that Flowers has failed to meet his burden of proof to show that his counsel acted deficiently and that this alleged deficiency prejudiced his defense. The State asserts that Flowers has failed to supply medical evidence that he was indeed not capable of entering a voluntary and intelligent guilty plea, or that his attorney was aware of this alleged disability.
¶ 7. A review of the record shows that Flowers has failed to cite any legal authority to support his argument; therefore, this issue is procedurally barred. Barbetta v. State, 738 So.2d 258, 261(¶ 10) (Miss.Ct.App.1999). Nevertheless, we will review the merits of Flowers's argument regarding ineffective assistance of counsel.
¶ 8. To prevail on the issue of whether his defense counsel's performance was ineffective requires a showing that counsel's performance was deficient and that the defendant was prejudiced by counsel's mistakes. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden is on the defendant to bring forth proof which demonstrates that both prongs of the Strickland test are met. Moody v. State, 644 So.2d 451, 456 (Miss.1994). There is a strong but rebuttable presumption that counsel's conduct falls within a wide range of reasonable professional assistance. Id. at 456. Accordingly, appellate review of counsel's performance is "highly deferential." Strickland, 466 U.S. at 689, 104 S.Ct. 2052. "The deficiency and any prejudicial effect are assessed by looking at the totality of the circumstances." Carney v. State, 525 So.2d 776, 780 (Miss.1988). Flowers must prove that it is reasonably probable that "but for" the errors committed by his counsel, the outcome of his trial would have been different. Nicolaou v. State, 612 So.2d 1080, 1086 (Miss.1992).
¶ 9. As argued by the State, there is nothing in the record which supports Flowers's contention that he is medically disabled and was unable to comprehend the consequences of the entry of his guilty plea. To the contrary, the record shows that Flowers was given his rights by the trial judge and he acknowledged that he understood those rights. Nothing in the record clearly indicates that a mental deficiency was present or that counsel for Flowers was aware of a mental deficiency. During the guilty plea hearing the trial judge asked Flowers:
Q: Are you undergoing treatment for any type of mental disorder.
A: Just this right here.
Q: All right, for your face, but as far as like a mental health type person, you don't have any mental health assistance that you are receiving.
A: No.
Although we have said there is no clear indication of mental deficiency, we acknowledge that the above questioning leaves room for different interpretations. One might read the colloquy and say that Flowers only suffered from a physical disability; however, some might say that perhaps Flowers did not understand the questions *658 due to a possible mental disorder. It is for this very reason that this Court finds that the above questioning conducted by the trial judge was lacking in depth regarding whether Flowers suffered from a mental disorder.
¶ 10. The exchange between the trial judge and Flowers should have waived a red flag, and the trial judge had a heightened duty to make further inquiry regarding Flowers's mental capacity. Indeed, we urge not only this trial judge, but others when faced with a similar situation in the future to take the time to make further inquiry. Nevertheless, Flowers offered no evidence either in the record or in his motion for post-conviction collateral relief to substantiate the claim of a mental deficiency. Flowers has failed to prove that his counsel knew of a mental disability or that due to any alleged deficient performance by counsel the outcome would have been different; therefore, this issue is without merit.

II. WHETHER THE DISTRICT ATTORNEY KNEW FLOWERS WAS NOT COMPETENT TO ENTER A GUILTY PLEA.
¶ 11. Flowers contends that the district attorney's office knew he was not competent at the time of his guilty plea hearing, yet they let him plead guilty. It also appears that within this issue Flowers is asserting that the trial judge abused his discretion in sentencing him as an adult since he was a youth offender.
¶ 12. Mississippi Code Annotated § 99-39-23(7) (Rev.2000) of the "Mississippi Uniform Post Conviction Collateral Relief Act" states: "No relief shall be granted under this chapter unless the prisoner proves by a preponderance of the evidence that he is entitled to such." Flowers has failed to establish by a preponderance of the evidence that the district attorney's office knew he was incompetent. He does not state specific facts to establish such a claim, and the record does not reveal any such facts. Therefore, we now review Flowers's argument regarding sentencing under the Youth Court Act.
¶ 13. Flowers was sixteen years old when he entered his guilty plea. The crime of armed robbery was committed by Flowers approximately one year earlier. This means that he did commit the crime as a youth offender. However, a review of Miss.Code Ann. § 43-21-159 (Rev.2000) shows that the Youth Court Law does not offer Flowers an additional sentencing alternative and establishes that the trial judge did not abuse his discretion when sentencing Flowers. Subsection three clearly states that the sentencing alternatives available under subsection one are not applicable to a youth who has a pending charge or a conviction for any crime over which the circuit court has original jurisdiction. Miss.Code Ann. § 43-21-159(3) (Rev.2000). Additionally, subsection four of this statute states in part: "If the case is not transferred to the youth court and the youth is convicted of a crime by any circuit court, the trial judge shall sentence the youth as though such youth was an adult." Miss.Code Ann. § 43-21-159(4) (Rev.2000).
¶ 14. Mississippi Code Annotated § 43-21-151(1)(a) and (b) (Rev.2000) gives the circuit court original jurisdiction over a child who has committed a crime, which if the same crime were committed by an adult would be punishable under either state or federal law by life imprisonment or death. In the case at bar, Flowers was charged with armed robbery. Under Miss.Code Ann. § 97-3-79 (Rev.2000) this charge would merit a life sentence. At his guilty plea hearing, Edwards conceded that he was in possession of a pistol. Furthermore, this Court has previously held in Reed v. State, 743 So.2d 1042, 1046 (¶¶ 17-18) *659 (Miss.Ct.App.1999), that due to the 1994 amendments to Miss.Code Ann. § 43-21-159(3) and (4) (Rev.2000), that a circuit court with original jurisdiction is not required to consider alternative sentencing under the Youth Court Law. Accordingly, this issue is without merit.

III. WHETHER FLOWERS'S GUILTY PLEA WAS RENDERED VOID BECAUSE IT WAS NOT VOLUNTARILY AND INTELLIGENTLY ENTERED DUE TO A MENTAL DISABILITY.
¶ 15. Flowers asserts that due to the fact that he was born with what is referred to as a cleft lip or cleft palate he is mentally disabled. Flowers claims that due to this disability he did not understand the guilty plea proceeding and his guilty plea was not valid.
¶ 16. The question of whether a plea was voluntarily and knowingly made is a question of fact. Flowers bears the burden of proving by a preponderance of the evidence that he is entitled to relief. McClendon v. State, 539 So.2d 1375, 1377 (Miss.1989). If the defendant is informed of the nature of the charge against him and the consequences of the entry of the plea, it is considered "voluntary and intelligent." Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992); see also Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991). The defendant must be instructed that a guilty plea waives his rights to a jury trial, to confront adverse witnesses, and to protection against self-incrimination. Alexander, 605 So.2d at 1172.
¶ 17. The record reveals that Flowers was sixteen at the time of the guilty plea hearing. Flowers stated that he had finished the seventh grade and that he could read and write.
¶ 18. The record shows the trial judge informed Flowers in detail of the rights he would be waiving if he pled guilty instead of having a jury trial. Additionally, the trial judge informed Flowers of the minimum and maximum sentences that could be imposed. Flowers acknowledged that he understood the sentencing possibilities. Furthermore, Flowers was informed that the district attorney had recommended that he be sentenced to twenty years with five years suspended. Flowers replied that he understood the recommendation.
¶ 19. The record also discloses that Flowers stated that he had neither been offered anything to plead guilty, nor had he been threatened into entering his plea. Nothing in the record indicates that Flowers's plea was not knowing and voluntary. For the preceding reasons, this issue is without merit.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY DENYING POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., CONCUR.