816 So.2d 443 (2002)
Donald Reese HENRY, Appellant,
v.
STATE of Mississippi, Appellees.
No. 2001-KA-00456-COA.
Court of Appeals of Mississippi.
April 30, 2002.
*444 Edward D. Lancaster, Houston, attorney for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellees.
Before KING, P.J., BRIDGES, and CHANDLER, JJ.
*445 CHANDLER, J., for the court.
¶ 1. Donald Henry was indicted on five counts of touching a child for lustful purposes by the Circuit Court of Chickasaw County. Prior to trial, the counts were severed and the State proceeded to trial on count five, sexual battery. Henry was convicted of this charge by a jury of his peers and was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections. Feeling aggrieved by the conviction against him, Henry appeals to this Court and makes five allegations of error. First, Henry argues that the trial court should have granted his motion for a continuance to allow him time to obtain the counsel of his choice. Next, he asserts that the trial court improperly seated jurors who resided outside the judicial district in which the case was tried. Henry also argues that the trial court should have granted his motion for a psychiatric examination to determine if he was competent to stand trial. Next, he alleges that the trial court erred in allowing the victim to testify to prior acts of sexual conduct between herself and Henry. Finally, Henry maintains that the trial court erred in denying jury instruction D-8, which he purports sets out his theory of the case.

FACTS
¶ 2. The events giving rise to the crime charged took place on December 5, 1998. On that date, Henry transported a nine year old girl in his vehicle to a field located on South Gatlin Street in Chickasaw County, Mississippi. Henry parked his vehicle near a pond located in the field and proceeded to remove the child's pants and undergarments. He orally sodomized the child and penetrated her vaginally with his finger.
¶ 3. Following this incident, the child told some of her out of state relatives about the incident, who in turn contacted the Department of Human Services. As a result of the report, the child was removed from the home shared by Henry and her mother. Henry was indicted on September 8, 1999, and convicted on January 24, 2001.

LAW AND ANALYSIS

I. Did the trial court err in denying Henry's motion for continuance to allow him to procure new counsel?
¶ 4. The day before trial was to begin, Henry notified the trial judge that he wanted to hire new counsel to represent him at trial. In order to allow for the time necessary to obtain new counsel, Henry filed a motion for continuance. The judge, after a thorough review of the pre-trial record before him, denied the motion. The trial judge found that Henry's counsel had been diligent and competent in his representation of his client.
¶ 5. Henry argues that this denial was reversible error because he has an absolute right to counsel of his choice. This argument is incorrect. While a defendant does have the right to counsel of his choice, this right is not absolute. Atterberry v. State, 667 So.2d 622, 628 (Miss. 1995). "The denial of a last minute continuance to retain new counsel is within the trial court's discretion." Id. at 629 (citing United States v. Silva, 611 F.2d 78, 79 (5th Cir.1980)).
¶ 6. In this case, the trial judge looked very closely at the actions taken by Henry's counsel in deciding whether to grant the continuance. The judge noted that counsel had filed several pre-trial motions on Henry's behalf, including a discovery request, a motion to exclude out of court statements and a motion to quash the jury venire. The judge also noted that trial on this matter was originally set for October *446 3, 2000. Henry did not appear before the court at that time and was later arrested in Chicago and transported back to Mississippi.
¶ 7. As stated in Harrison v. State, 520 So.2d 1352, 1353 (Miss.1987), "if the [defendant] wanted other counsel, he had abundant time and should have arranged therefor in advance of the day the trial was begun. The request was untimely. Following the same reasoning, [defendant's] motion for a continuance, if motion it was, was not worthy of favorable consideration."

II. Did the trial court err by allowing persons living outside of the judicial district in which the case was tried, to sit on the jury?
¶ 8. Henry argues that it was reversible error for the trial court to seat on the jury persons who were not residents of the Second Judicial District of Chickasaw County. This argument has been previously addressed by this Court and is without merit. Darden v. State, 798 So.2d 632(¶ 5) (Miss.Ct.App.2001).
¶ 9. Darden involved an identical claim by a defendant tried in the Second Judicial District of Chickasaw County. Id. at (¶ 3). The Court looked to Miss.Code Ann. § 13-5-21 (Supp.2000) to determine that the trial court did not abuse its discretion in allowing the service of jurors outside their district of residence. Id. at (¶¶ 4-5). That statute reads as follows:
In counties where there are two (2) circuit court districts, the jury commission shall make a list of jurors for each district in the manner directed for a county, and the same shall be treated in all respects as for an entire county. In such counties a juror shall not be required to serve out of his district, except should the court, in its discretion, otherwise direct, and except when drawn on a special venire. In either of such excepted cases, the jury shall be drawn from the two (2) jury boxes if the court so direct, one (1) name for each alternately.
Miss.Code Ann. § 13-5-21 (Supp.2000).
¶ 10. The Darden court noted that the small population of the Second Judicial District, combined with the fact that large numbers of the residents of that district were related or closely acquainted, made the selection of an impartial jury from that district alone extremely difficult in all cases. Darden, 798 So.2d at (¶ 3). Therefore, the judge's decision to allow service of potential jurors from both judicial districts was not an abuse of discretion. Id. at (¶ 5).

III. Did the trial court err in denying Henry's motion for a psychiatric examination?
¶ 11. Henry argues that the trial court committed reversible error when it denied his motion for a psychiatric evaluation to determine his competency to stand trial. The decision to grant or deny a motion for a psychiatric examination is within the sound discretion of the trial judge. Dunn v. State, 693 So.2d 1333, 1340 (Miss.1997). When the trial court has made a finding that the evidence does not show a probability that the defendant is incapable of making a rational defense, this Court will not overturn that finding unless the finding was manifestly against the overwhelming weight of the evidence. Id. at 1341.
¶ 12. In the case sub judice, the trial judge had the opportunity to observe Henry and note his appearance and demeanor. The record reflects that when Henry's counsel requested the judge grant the motion, he stated that he was not asserting that "there was anything wrong with [Henry]." Counsel argued that he thought the evaluation was proper in light of Henry's flight from his first trial.
*447 ¶ 13. The record reflects that Henry participated in his defense in that he suggested witnesses who should testify and he testified in his own defense. There is nothing in the record to indicate that the judge was presented with sufficient evidence to warrant a separate mental evaluation; as such, there was no abuse of discretion.

IV. Did the trial court err in allowing the victim to testify to prior acts of sexual conduct between herself and Henry?
¶ 14. Henry argues that the trial court erred when it allowed the victim to testify to prior acts of sexual conduct between herself and him. The trial judge ruled the testimony was admissible under Mississippi Rules of Evidence 404(b) as evidence of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. The judge gave jury instruction S 6 in which he instructed the jury that it was not to use the testimony concerning other sexual crimes, wrongs, or acts of the defendant for any purpose other than as evidence for proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
¶ 15. In Barbetta v. State, 738 So.2d 258 (¶¶ 7-8) (Miss.1999), the Mississippi Supreme Court noted that there is a clear line of cases that allows a court in the prosecution of sexual offense to admit evidence of prior sexual crimes of the accused. Id. at (¶ 7) (citing Speagle v. State, 390 So.2d 990, 990 (Miss.1980); Davis v. State, 367 So.2d 445, 445 (Miss.1979); Brooks v. State, 242 So.2d 865, 869 (Miss. 1971)). This evidence may be admitted for purposes other than actions in conformity with the defendant's actions in the case at bar. Id. In Hicks v. State, 441 So.2d 1359, 1361 (Miss.1983), the court determined that such evidence is proper to show the "lustful disposition of the defendant toward the prosecuting witness, and the probability of his having committed the offense charged." After a careful review of the record and relevant Mississippi case law, it is the Court's opinion that the testimony was properly admitted and the jury was properly instructed as to its use.

V. Did the trial court err in denying jury instruction D-8?
¶ 16. Henry argues that the trial court erred when it denied his "theory of the case jury instruction." The requested instruction reads as follows:
The Defendant, Donald R. Henry, has declared his innocence in this cause. He has testified that he did not commit the crime which he is accused. If you believe that the Defendant did not commit the crime, or that the State has failed to prove his guilt beyond a reasonable doubt, then it is your duty to find the defendant not guilty.
¶ 17. A defendant is entitled to submit instructions that present his theory of the case to the jury, while a trial judge is entitled to refuse instructions that incorrectly state the law, are without foundation in evidence or are stated elsewhere in other instructions. Manuel v. State, 667 So.2d 590, 591 (Miss.1995). The general rule observed when reviewing a court's denial of a jury instruction is that reversal is not required when the jury has been properly, fully, and fairly instructed by other instructions. Catchings v. State, 684 So.2d 591, 599-600 (Miss.1996).
¶ 18. The trial court properly denied this instruction for two reasons. First, while Henry may be entitled to an instruction on the theory of his defense, that instruction should not single out certain parts of the evidence such that it appears to comment on the weight of the evidence. Manuel, 667 So.2d at 592. *448 The instruction presented by Henry is essentially peremptory in nature. Id. The instruction improperly directs the jury's attention to Henry's declaration of innocence. Henry is attempting to have the jury focus on what his testimony purported to show and not what the jury believed from his testimony. Id. at 592-93.
¶ 19. The instruction is improper for a second reason. As stated above, a trial court is correct in denying an instruction if the jury has been properly and fully instructed by the other instructions granted. In this case, Court Instruction Numbers 2 and 3 clearly instruct the jury that the defendant is presumed innocent until proven guilty and that the State must prove beyond a reasonable doubt every element of the crime charged. If the State fails to meet this burden, the jury is instructed to find the defendant not guilty. Jury Instruction S-5 lists the elements of the crime charged and reiterates that the State must prove beyond a reasonable doubt that Henry committed each element of the crime charged or else the jury must find the defendant not guilty. Further, Jury Instruction D-1 instructs the jury that any reasonable doubt which may arise due to conflict, lack, or sufficiency of the evidence, must result in a finding of not guilty.
¶ 20. The jury was fully and properly instructed as to the law. The instruction submitted by Henry was peremptory in nature and, as a result, properly refused.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF CHICKASAW COUNTY OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS ARE ASSESSED TO CHICKASAW COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND BRANTLEY, JJ., CONCUR.