BRIDGES, P.J.,
for the Court.
¶ 1. On July 21, 2000, Andrew Rucker pled guilty to selling cocaine. The Yalobu-sha County Circuit Court sentenced Ruck-er to ten years of incarceration with five years suspended and five years of post-release supervision. The Mississippi Department of Corrections released Rucker from incarceration on April 26, 2002.
¶ 2. On June 6, 2002, Roger Thomas, an agent with the North Mississippi Narcotics Task Force (NMTF) conducted a series of “controlled buys,” during which a NMTF agent would attempt to purchase narcotics. The Task Force’s objective was to apprehend drug dealers. Unfortunately, one such individual happened to be Rucker, recently released from custody related to a similar charge. To be clear, Rucker sold crack cocaine to an undercover NMTF agent. As a result, the State filed a petition to revoke Rucker’s post-release supervision and return him to incarceration. On December 18, 2002, the Yalobusha County Circuit Court revoked Rucker’s post-release supervision and returned Rucker to confinement for the remaining years of his sentence.
¶ 8. On May 5, 2004, Rucker filed a motion for post-conviction relief. Within his motion, Rucker raised two separate contentions and suggested that the circuit court extend relief. The circuit court dismissed Rucker’s motion without a hearing, pursuant to Section 99-39-11(2) of the Mississippi Code (Rev.2000). Rucker appeals that decision and raises the following issues, listed verbatim:
I.WHETHER THE CIRCUIT COURT VIOLATED HIS CONSTITUTIONAL RIGHTS (14TH AMENDMENT) BY DENYING HIM DUE PROCESS WHICH THIS AMENDMENT GUARANTEES.
II. STATEMENT GIVEN BY THE DISTRICT ATTORNEY.
III. STATEMENT GIVEN BY THE COURT.
Finding no error, we affirm.
STANDARD OF REVIEW
¶ 4. “When reviewing a lower court’s decision to deny a petition for post-conviction relief, this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo.” Smith v. State, 822 So.2d 298, 300(¶ 3) (Miss.Ct.App.2001).
ANALYSIS
I. WHETHER THE CIRCUIT COURT VIOLATED HIS CONSTITUTIONAL RIGHTS (14TH AMENDMENT) BY DENYING HIM DUE PROCESS WHICH THIS AMENDMENT GUARANTEES.
¶ 5. First, Rucker claims that the circuit court erred by failing to conduct a preliminary revocation hearing on the revocation of his post-release supervision. According to Rucker, the circuit court’s decision caused a violation of his right to due process of law, as proscribed by the Fourteenth Amendment to the United States Constitution. Rucker states that he “was prejudiced by the denial of the preliminary revocation hearing because his defense as to the allegations for revocation at the final revocation hearing was impaired due to notice of the charge.”
¶ 6. We take that statement as Rucker’s contention that the circuit court’s failure to conduct a preliminary hearing caused prej *139 udice to his defense to the charge he faced during his final revocation hearing. Ruck-er finds fault in the notice of the charges. It seems that Rucker claims that the circuit court did not give him proper notice of the charges suggesting revocation of his post-release supervision. Rucker acknowledges that the circuit court conducted a final revocation hearing. Regardless, he suggests that this Court should remedy the alleged violation of his due process rights by reversing the circuit court’s decision to forego a preliminary revocation hearing. Rucker asks this Court to return him to post-release supervision.
¶ 7. On November 6, 2002, the Yalobu-sha County Circuit Court issued a bench warrant directing the Yalobusha County Sheriff to bring Rucker before the circuit court “to answer the charge of violation of post[-]release supervision.” The bench warrant suggested that Rucker violated his post-release supervision when he committed the crime of conspiracy to sell cocaine on June 6, 2002. Also on November 6, 2002, Deputy Sheriff Lloyd Defer executed the bench warrant when he arrested Rucker and detained him in the Yalobusha County Jail.
¶ 8. On November 13, 2002, the circuit court entered an order that set the date on which the court would conduct a hearing on the State’s petition to revoke Rucker’s post-release supervision. The order set the hearing for December 18, 2002. The order also directed the clerk of the Yalobu-sha County Circuit Court to issue a summons for Rucker. The record indicates that Deputy David Wallis hand-delivered a copy of the summons to Rucker on November 13, 2002. As mentioned, the circuit court revoked Rucker’s post-release supervision on December 18, 2002. Accordingly, Rucker had notice of the charge against him more than a month before his final revocation hearing.
¶ 9. Rucker argues that the circuit court’s failure to conduct a preliminary revocation hearing impaired his ability to present a defense to the charge against him because he lacked, notice of the charge. However, this argument lacks merit because Rucker had notice of the charge suggesting revocation of his post-release supervision more than a month before the final revocation hearing. As such, we affirm the circuit court’s decision.
II. STATEMENT GIVEN BY THE DISTRICT ATTORNEY.
¶ 10. In his second issue, Ruck-er’s entire argument consists of the following statement:
During the proceedings in which was to be revolked, [sic] the district attorney stated: ‘Your honor, we sentenced Mr. Rucker to serve a term of (5) years within the M.D.O.C. in 2000. Sir, here it is 2002 and Mr. Rucker is back on the street.”
We can only conclude that Rucker claims that the district attorney’s comment was somehow improper. However, Rucker failed to cite any authority for this issue, so it is barred on appeal pursuant to Barbetta v. State, 738 So.2d 258, 261(¶ 10) (Miss.Ct.App.1999). This Court need not address an issue if the appellant fails to make an argument pursuant to Rule 28(a)(6) of the Mississippi Rules of Appellate Procedure. Newell v. State, 754 So.2d 1261, 1264-65(¶ 6) (Miss.Ct.App.1999).
III. STATEMENT GIVEN BY THE COURT.
¶ 11. Following the revocation hearing, the circuit court stated, “I sentence Mr. Rucker to serve the remainder of that (5) year sentence.” Though he references this statement, Rucker actually claims that the circuit court committed an unlawful sentencing error. Rucker, citing *140 Leonard v. State, 271 So.2d 445, 447 (Miss.1973), argues that once a circuit or county court exercises its option to impose a definite sentence, it cannot subsequently set such sentence aside and impose a greater sentence. Rucker claims that when the circuit court revoked his post-release supervision, the circuit court set aside a definite sentence of post-release supervision and imposed a greater sentence of incarceration.
¶ 12. Circuit court judges have the authority to “revoke all or any part of’ post-release supervision and return an offender to the custody of the Mississippi Department of Corrections. Miss.Code Ann. § 47-7-37 (Rev.2004). The sentencing order is unambiguous. Rucker is incarcerated because the circuit court reinstated his five year suspended sentence and revoked his post-release supervision. Since the circuit court had the statutory authority to revoke Rucker’s post-release supervision when Rucker sold crack to an undercover narcotics agent, no reversible error results from the circuit court’s decision.
¶ 13. THE JUDGMENT OF THE YA-LOBUSHA COUNTY CIRCUIT COURT DISMISSING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO YALOBUSHA COUNTY.
KING, C.J., LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.