KING, C.J.,
for the Court.
¶ 1. Bobby Heidelberg appeals his conviction of felony driving under the influence (DUI). He alleges that the trial court failed to instruct the jury on the elements of felony DUI. Finding no error, we affirm.
FACTS
¶ 2. Shortly after midnight Heidelberg was traveling down Highway 84 East in the city limits of Laurel, Mississippi. Officer Larry Hayes of the Laurel Police Department was patrolling the area and noticed that Heidelberg had a broken taillight. Officer Hayes decided to conduct a traffic stop to advise him of a traffic violation.
¶3. After Heidelberg was stopped on the side of the road, Officer Hayes approached Heidelberg’s vehicle and asked for his license. Heidelberg informed him that it was suspended. Officer Hayes then requested Heidelberg to exit the vehicle. During this time, Officer Hayes could smell an alcohol odor coming from the vehicle. He also noticed that Heidelberg’s eyes were bloodshot and his speech was slurred. In addition, Heidelberg seemed unsteady on his feet as he exited the vehicle.
¶ 4. After Heidelberg had exited the vehicle, he was offered a portable breath test which he took. Upon seeing the results, Officer Hayes determined that Heidelberg should be taken into custody and then take the Intoxilyzer 5000 test at the police station for a more accurate reading of Heidelberg’s blood-alcohol content. Once at the police station, Heidelberg refused to take the Intoxilyzer 5000 test.
¶ 5. Heidelberg was indicted for felony DUI on July 8, 2003. He had previously been convicted of DUI first offense and DUI second offense, the offenses occurring within five years of this incident.
¶ 6. Following a one-day jury trial, Heidelberg was convicted of felony DUI and was sentenced to three years in the custody of the Mississippi Department of Corrections. Aggrieved, Heidelberg appealed to the supreme court and it was deflected here for our review.
ANALYSIS
Whether the jury was informed of all of the elements of felony DUI
¶ 7. Heidelberg alleges that the trial court committed reversible error by failing to instruct the jury on the elements of felony DUI. Prior to addressing the merits of Heidelberg’s argument, we must determine whether the argument is procedurally barred as the State suggests.
¶ 8. Heidelberg’s counsel did not object to any of the instructions offered by the State. Normally, failure to object to a jury instruction serves as a procedural bar to appellate review. Berry v. State, 728 So.2d 568, 571(¶ 6) (Miss.1999). However, the procedural bar is lifted in the event that the instruction constitutes plain error. Id. To rise to the level of plain error, a fundamental right of the defendant must have been violated. Id.
¶ 9. The supreme court has held that “[f]ailure to submit to the jury the essential elements of the crime is ‘fundamental’ error.” Hunter v. State, 684 So.2d 625, 636 (Miss.1996). In addition, the prosecution, not the defendant, bears the burden of instructing the jury on all the essential elements of the crime charged. Pollard v. State, 932 So.2d 82, 87(¶ 11) (Miss.Ct.App.2006). Therefore, we find the procedural bar inapplicable and turn to the merits of the argument to determine if the jury was instructed as to the essential elements of felony DUI.
*950 ¶ 10. Specifically, Heidelberg alleges that the jury was not instructed that the alcohol intoxication “impaired his ability to operate said vehicle.” Heidelberg cites to Mississippi Code Annotated Section 63-11-30(1) (Rev.2004) for support. While the phrase “impaired his ability to operate a motor vehicle” is an element of a crime listed under Section 63-11-30(1), it is not an element of the specific subpart of the code section under which Heidelberg was tried and convicted. The relevant portion of Section 63-11-30(1) states:
(1) It is unlawful for any person to drive or otherwise operate a vehicle within this state who (a) is under the influence of intoxicating liquor; (b) is under the influence of any other substance which has impaired such person’s ability to operate a motor vehicle; (c) has an alcohol concentration of eight one-hundreths percent (.08%) or more ...; is under the influence of any drug or controlled substance, the possession of which is unlawful under the Mississippi Controlled Substances Law; or (e) has an alcohol concentration of four one-hundredths percent (.04%) or more in the person’s blood, based upon grams of alcohol per one hundred (100) milliliters of blood or grams of alcohol per two hundred ten (210) liters of breath as shown by a chemical analysis or such person’s blood, breath or urine, administered as authorized by this chapter for persons operating a commercial motor vehicle,
(emphasis added). Therefore, a person can be convicted of a violation of Section 63-11-30(1) if he (a) drives under the influence of intoxicating liquor; (b) drives under the influence of another substance that impaired his ability to drive; or (c) drives with an alcohol concentration of .08% or higher. These are not different elements of DOT, they are merely different ways one may be found in violation of Section 63-11-30(1).
¶ 11. Here, the jury was instructed that in order to find Heidelberg guilty of felony DOT, it had to find that: (1) Heidelberg was driving or operating a motor vehicle, (2) at the time he was driving or operating the vehicle, he was under the influence of intoxicating liquor, and (3) he had been previously convicted of driving under the influence on at least two other occasions within the previous five years. Therefore, the jury was instructed as to a violation of Section 63-11-30(1).
¶ 12. This Court addressed an analogous situation in Christian v. State, 859 So.2d 1068 (Miss.Ct.App.2003). The case involved the prosecution of a first offense DUI offender under Section 63-11-30(1). On appeal, Christian challenged whether the evidence presented at trial was sufficient to sustain his conviction. Christian, 859 So.2d at 1072(¶ 15). Specifically, he alleged that the State failed to present any evidence as to impairment of his driving ability. Id. This Court held that while the State did present evidence of impaired driving ability, it only needed to offer “proof of his driving under the influence of intoxicating liquor.” Id. at 1073(¶ 19). The statute distinguishes driving while under the influence of intoxicating liquor from “driving while under the influence of another substance that impairs driving ability.” Id.
¶ 13. The supreme court has held that the elements required to prove one is in violation of Section 63-11-30(1) are: (1) that a defendant was operating a motor vehicle, and (2) that the defendant was under the influence of intoxicating liquor. McLendon v. State, 945 So.2d 372, 385(¶ 37) (Miss.2006). These are the exact elements on which the jury in our case was instructed.
¶ 14. Therefore, there was no fundamental error since the jury was instructed *951 as to all of the essential elements of the crime of felony DUI. Hunter, 684 So.2d at 636. Finding that Heidelberg’s sole allegation of error contains no merit, we affirm the conviction of felony DUI.
¶ 15. THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT OF CONVICTION OF FELONY DRIVING UNDER THE INFLUENCE AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
LEE AND MYERS, P JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.